Filed 8/13/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT EDWARD EBERTOWSKI,<br><br>    Defendant and Appellant. | H039865<br>(Santa Clara County<br> Super. Ct. No. C1349188) |

Defendant Robert Edward Ebertowski was granted probation after he pleaded no contest to criminal threats (Pen. Code, § 422)[1] and resisting or deterring an officer (§ 69) and admitted a gang allegation (§ 186.22, subd. (b)(1)(B)). He challenges on reasonableness and overbreadth grounds two of the probation conditions imposed by the trial court. These probation conditions required him to (1) "provide all passwords to any electronic devices, including cell phones, computers or notepads, within your custody or control, and submit such devices to search at any time without a warrant by any peace officer" and (2) "provide all passwords to any social media sites, including Facebook, Instagram and Mocospace and to submit those sites to search at any time without a warrant by any peace officer." We conclude that these conditions are not unconstitutionally overbroad or unreasonable and that the trial court did not abuse its discretion in imposing them.

---

[1]    Statutory references are to the Penal Code unless otherwise noted.

## I. Background

The police made contact with defendant while investigating a brandishing offense. Defendant was highly intoxicated, provided a false name and birthdate to the officer, and actively physically resisted the officer. The officer nevertheless determined that a felony warrant was out for defendant's arrest and that he was on probation. Defendant repeatedly threatened the officer and the officer's family and stated that he would sexually assault the officer, the officer's wife, and the officer's daughter. He repeatedly identified himself as a member of the "Seven Trees Norteno" gang, and told the officer that he was " '[f]ucking with the wrong gangster.' " During the booking process, defendant was uncooperative, made gang signs, and urinated on the floor several times.

After defendant entered his no contest pleas and admission, the probation department recommended a host of probation conditions including that defendant (1) "submit his/her property, place of residence, vehicle and any property under his/her control to search at any time without a warrant by any Peace Officer"; (2) "not possess, wear or display any clothing or insignia . . . that he/she knows or the Probation Officer informs him/her is evidence of, affiliation with, or membership in a criminal street gang"; and (3) "not associate with any person he/she knows to be or the Probation Officer informs him is a member of a criminal street gang." Defendant did not challenge the imposition of these conditions and does not challenge them on appeal.

The prosecutor asked the court to impose two additional probation conditions: "1. The defendant shall provide all passwords to any electronic devices (including cellular phones, computers or notepads) within his or her custody or control and shall submit said devices to search at anytime [*sic*] without a warrant by any peace officer. [¶] 2. The defendant shall provide all passwords to any social media sites (including Facebook, Instagram and Mocospace) and shall submit said sites to search at anytime [*sic*] without a warrant by any peace officer." The prosecutor explained that these two conditions were

"a means to effectuate the already existing warrantless search condition. That is, if one has a cell phone in your pocket and the police are unable to access it . . . ."

The prosecutor told the court that the two requested conditions "should be imposed here, your Honor, because, as I mentioned when we were in chambers, the defendant has used social media sites historically to promote the Seven Trees Norteno criminal street gang. Those documents were provided in discovery, delivered by MySpace to the District Attorney's office pursuant to a subpoena duces tecum." He noted that "we're asking for [these conditions] in this case and all gang cases . . . ."

Defendant objected to the imposition of the two probation conditions requested by the prosecutor on many grounds, including that they were unreasonable and overbroad. Defendant's trial counsel did not object to the prosecutor's reliance on the MySpace documents.

The court rejected defendant's objections and imposed the probation conditions recommended by the probation department and the two requested by the prosecutor. The court asked defendant "do you understand and accept those terms and conditions of your probation," and defendant said "Yes, sir."

## II. Discussion

Defendant claims that the two conditions requested by the prosecutor and imposed by the court, which we will refer to as the password conditions, were overbroad and unreasonable.

### A. MySpace Documents

Defendant contends that the prosecutor's reliance on the MySpace documents was improper because "the prosecutor chose not to" have those documents admitted into evidence or lodged with the trial court in support of his request for the password conditions.

3

The prosecutor had subpoenaed from MySpace "subscriber information, photographs, and comments for [defendant's] personal MySpace page." A month before the sentencing hearing, the trial court reviewed the documents produced by MySpace and released copies to the prosecutor and defendant's trial counsel subject to a protective order "that the documents are to be used only for the purpose of this litigation; they are not to be viewed by anyone except counsel or counsel's agents for the purpose of this litigation." The originals of the MySpace documents were placed in "the court file." The MySpace documents were part of an "in chambers" discussion between the court and counsel before the sentencing hearing, and the prosecutor explicitly relied on the MySpace documents at the sentencing hearing. Defendant's trial counsel did not object to the prosecutor's reliance on the MySpace documents.

We see no significance in the absence of any indication that the MySpace documents were formally introduced into evidence at the sentencing hearing. These documents were provided to defendant's trial counsel long before the sentencing hearing. The trial court explicitly stated on the record a month before the sentencing hearing that it had reviewed the MySpace documents and placed them in the court file. The MySpace documents were thereafter discussed in chambers and explicitly cited by the prosecutor in support of his request for imposition of the password conditions. In all likelihood, the MySpace documents were not formally placed in evidence due to concerns related to the protective order. Defendant's trial counsel had multiple opportunities to object to the court's consideration of these documents and never did. In our view, the absence of a timely objection precludes defendant from contending on appeal that the prosecutor could not properly rely on the MySpace documents to support his request for the password conditions. (Evid. Code, § 353.)

## B. Overbreadth

Defendant claims that the password conditions were unconstitutionally overbroad because they were not narrowly tailored to their purpose so as to limit their impact on his constitutional rights to privacy, speech, and association.

"[A]dult probationers, in preference to incarceration, validly may consent to limitations upon their constitutional rights . . . ." (*People v. Olguin* (2008) 45 Cal.4th 375, 384.) "A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*In re Sheena K*. (2007) 40 Cal.4th 875, 890.) Under this doctrine, "'"a governmental purpose to control or prevent activities constitutionally subject to state regulation may not be achieved by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms."' [Citations.]" (*In re Englebrecht* (1998) 67 Cal.App.4th 486, 497.) "'A law's overbreadth represents the failure of draftsmen to focus narrowly on tangible harms sought to be avoided, with the result that in some applications the law burdens activity which does not raise a sufficiently high probability of harm to governmental interests to justify the interference.' [Citation.]" ( *Ibid.*)

Defendant is a criminal street gang member who promotes his gang on social media, makes violent threats in person to armed police officers, and physically resists armed police officers. The evident purpose of the password conditions was to permit the probation officer to implement the search, association, and gang insignia conditions that were designed to monitor and suppress defendant's gang activity. Without passwords for defendant's devices and social media accounts, the probation officer would not be able to search them under the unchallenged search condition in order to assess defendant's compliance with the unchallenged association and gang insignia conditions. Defendant does not suggest how the password conditions could be more closely tailored to this purpose, and we can conceive of no adequate restriction that would still serve this

5

purpose. Access to all of defendant's devices and social media accounts is the only way to see if defendant is ridding himself of his gang associations and activities, as required by the terms of his probation, or is continuing those associations and activities, in violation of his probation.

Defendant's constitutional privacy rights are not improperly abridged by the password conditions any more than they are by the search condition.[2] Even where there is "(1) a legally protected privacy interest; (2) a reasonable expectation of privacy under the circumstances; and (3) conduct constituting a serious invasion of the privacy interest," the constitutional right to privacy is not violated if "the invasion of the privacy interest is justified because it substantially furthers one or more legitimate competing or countervailing privacy or non-privacy interests." (*In re Christopher M.* (2005) 127 Cal.App.4th 684, 695 (*Christopher M.*), disapproved on a different point by *People v. Gonzales* (2013) 56 Cal.4th 353, 373.) Here, the competing interest is the state's interest in preventing defendant from continuing his violent gang associations and activities. Defendant's involvement with his gang has produced a man willing to threaten and physically resist armed police officers. Such a person poses an extreme danger to public safety. The minimal invasion of his privacy that is involved in the probation officer monitoring defendant's use of his devices and his social media accounts while defendant is on probation is outweighed by the state's interest in protecting the public from a dangerous criminal who has been granted the privilege of probation.

---

[2] Defendant's reliance on *Doe v. Shurtleff* (10th Cir. 2010) 628 F.3d 1217 (*Shurtleff*) is misplaced. *Shurtleff* did not involve a probation condition but a requirement that all registered sex offenders provide internet identifiers to the government to aid in the investigation of sex crimes. (*Shurtleff*, at p. 1224.) Furthermore, the Tenth Circuit Court of Appeals did not invalidate this requirement but *upheld* it against Doe's constitutional challenges. (*Shurtleff*, at pp. 1226-1227.)

## C. Reasonableness

Defendant asserts that the trial court abused its discretion in imposing the password conditions because these conditions were not reasonable under the circumstances.

"Trial courts have broad discretion to impose such reasonable probation conditions 'as it may determine are fitting and proper to the end that justice may be done . . . and generally and specifically for the reformation and rehabilitation of the probationer . . . .'" (*People v. Chardon* (1999) 77 Cal.App.4th 205, 217; § 1203.1, subd. (j).) "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.]" (*People v. Lent* (1975) 15 Cal.3d 481, 486.)

Defendant's current offenses were threatening and resisting a police officer for the benefit of his gang. The password conditions were related to these crimes, which were plainly gang related, because they were designed to allow the probation officer to monitor defendant's gang associations and activities. Defendant's association with his gang was also necessarily related to his future criminality. His association with his gang gave him the bravado to threaten and resist armed police officers. The only way that defendant could be allowed to remain in the community on probation without posing an extreme risk to public safety was to closely monitor his gang associations and activities. The password conditions permitted the probation officer to do so. Consequently, the password conditions were reasonable under the circumstances, and the trial court did not abuse its discretion in imposing them.

### III. Disposition

The order is affirmed.

_____
Mihara, J.

WE CONCUR:

_____
Bamattre-Manoukian, Acting P. J.

_____
Grover, J.

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court |
| Trial Judge: | Honorable Gilbert T. Brown |
| Attorney for Defendant and Appellant: | Stephanie Marie Adraktas<br>Law Office Stephanie M. Adraktas<br>Under Appointment by the Sixth District<br>Appellate Program |
| Attorneys for Plaintiff and Respondent: | Kamala D. Harris<br>Attorney General of California<br><br>Dane R. Gillette<br>Chief Assistant Attorney General<br><br>Gerald A. Engler<br>Senior Assistant Attorney General<br><br>Seth K. Schalit<br>Supervising Deputy Attorney General<br><br>Laurence K. Sullivan<br>Supervising Deputy Attorney General |