Filed 7/20/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re J.E., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>J.E.,<br><br>    Defendant and Appellant. | A145399<br><br>(Alameda County<br>Super. Ct. No. SJ15024169) |

J.E. (Minor) appeals from a post-dispositional order denying his motion to remove an electronic search probation condition imposed upon his plea to misdemeanor second degree burglary (Pen. Code,[1] § 459). Minor contends the probation condition requiring him to submit his electronic devices to search upon the request of a probation officer or peace officer is invalid under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*). He also contends the condition is unconstitutionally overbroad and that it risks violating California's Invasion of Privacy Act (§ 632). We affirm.

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

1

# I. FACTUAL BACKGROUND[2]

The underlying factual basis for the plea stemmed from Minor's involvement in a burglary with two of his friends. They entered an Oakland home through a back window and rear door and took a watch, a camera, and loose change from a large jar. A neighbor reported the burglary, and Minor and his friends were apprehended a few blocks away. Upon his arrest, the police found approximately $50 in loose change in Minor's backpack.

The dispositional hearing was held on March 19, 2015. The dispositional report noted that Minor had a "difficult" relationship with his mother after previously residing with his grandmother and that Minor admitted he had experimented with drugs and alcohol in the past; Minor began smoking marijuana when he was nine years old and had begun smoking it almost daily, including the date of his arrest.[3] He began drinking alcohol approximately a year earlier, but reported his last drink had been on Christmas 2014. Minor also experimented with Xanax and "syrup," a mixture of codeine cough syrup, soda, and Jolly Ranchers, in summer of 2014. Minor denied involvement in gangs, but said he associated with members of the Norteños gang a year prior to his arrest.

Additionally, the dispositional report showed Minor was in danger of failing most of his middle school classes. Minor did not turn in class work or attend his classes regularly. He also had various suspensions and reprimands for behavioral issues, including refusing to go to his workshops after class, cursing at the school principal and his staff, taking a knife and other contraband to school, and having gang-related graffiti in

---

[2] The statement of facts is taken from police reports and the dispositional report.

[3] Minor failed a drug test while released on probation before the hearing on his objection to the electronic search condition.

his locker; matching graffiti was also found on the wall around the corner from Minor's locker.

The juvenile court placed Minor under the supervision of the probation department and imposed various probation conditions, including a 6:00 p.m. curfew, a no-contact order as to the victim and Minor's co-offenders, and conditions that Minor be on time and attend school on a regular basis, complete his school work, remain drug-free, submit to regular drug testing, and submit to a search of his person, residence, vehicles, containers, and "electronics, including passwords, at the request of a Probation Officer or peace officer." Counsel for Minor objected to the electronic search condition and indicated that she would file a motion on the issue.

On April 3, 2015, Minor filed a motion to delete the electronic search condition. He argued the condition was invalid because "there is absolutely no evidence in the record to support the conclusion that the minor's use of an electronic device and/or social media account was either one of the reasons that the minor committed the instant offense, or that requiring the minor to submit to a warrantless search of the minor's electronic devices and/or social media accounts would in any way prevent the minor from committing an offense in the future."

On April 28, 2015, the juvenile court held a hearing to address Minor's progress. The court expressed concerns over Minor testing positive for THC, as well as Minor's failing grades in school.

On May 29, 2015, the court denied Minor's motion to delete the electronic search condition. The court reasoned that Minor was "a classic case of why the electronic [search] condition is a necessity [because], as was basically alluded to, he has some fairly substantial drug issues." The court further stated, "The Court is very well aware, from experience, that our minors typically communicate much more with their electronics than they do face-to-face. In fact, it's very typical to see minors sitting at a table together, and

3

they're on their electronics. . . . So, clearly their main method of communication is through the electronics.

"[I]f we can . . . supervise the minor, we need to use the electronics to make sure we can monitor the purchase, or sales, usage [of drugs]. There's a lot of minors who like to put the photographs of themselves on the internet, showing themselves with marijuana, with paraphernalia, smoking marijuana, smoking drugs, using other drugs. [¶] So, this is a really critical element in our ability to supervise our minors, and this is from the Court's experience with minors, experience with adult[s], but more particularly with minors. [¶] If we're going to, at all, ever be able to supervise the minor appropriately with drug conditions, we need to be able to have access to their electronics, including their passwords, and any—and other internet source of communication that they use."

## II. DISCUSSION

### A. Validity Under *Lent*

The juvenile court has broad discretion in imposing probation conditions it determines are "fitting and proper to the end that justice may be done and the reformation and rehabilitation of the [minor] enhanced." (Welf. & Inst. Code, § 730, subd. (b); *In re Victor L.* (2010) 182 Cal.App.4th 902, 910.) A probation condition is invalid if it " '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.' " (*Lent*, *supra*, 15 Cal.3d at p. 486; *In re Baback S.* (1993) 18 Cal.App.4th 1077, 1084.) Thus, a probation condition forbidding conduct which is not itself criminal is valid only if that conduct is reasonably related either to the crime which the minor committed or to the minor's future criminality. (*In re Baback S.*, at p. 1084.) We review probation conditions for abuse of discretion. (*In re J.B.* (2015) 242 Cal.App.4th 749, 754.)

The issue of whether an electronic search probation condition may be imposed upon a juvenile when that condition has no relationship to the crimes committed is

4

currently pending before our Supreme Court.[4]  Electronic search conditions nearly identical to those imposed here were also challenged in several cases within this appellate district.  The condition was stricken as invalid under *Lent* by Division Two in *In re Erica R.* (2015) 240 Cal.App.4th 907 (*Erica R.*) after the court found no reasonable connection between the search condition and the juvenile's future criminality.  Division Three, in *In re J.B.*, *supra*, 242 Cal.App.4th 749, struck the condition as invalid under *Lent* and constitutionally overbroad, and, in *In re Malik J.* (2015) 240 Cal.App.4th 896, 901–903, found the condition valid under *Lent*, but modified it to alleviate its overbreadth.  Division One, in *In re P.O.* (2016) 246 Cal.App.4th 288 (*P.O.*), likewise found the condition valid under *Lent* and modified the condition to address its overbreadth.

Here, Minor argues the juvenile court erred in imposing the electronic search condition because the condition is not related to the underlying burglary offense, regulates conduct that is not illegal, and is not reasonably related to his future criminality.  The Attorney General concedes the condition is not related to the underlying offense and that the regulated conduct is not criminal, but argues the condition is reasonably related to deterring Minor's future criminality because it allows probation officers to monitor Minor's adherence to his other probation conditions.  We agree.

*People v. Olguin* (2008) 45 Cal.4th 375 (*Olguin*) and *People v. Ebertowski* (2014) 228 Cal.App.4th 1170 (*Ebertowski*) are instructive.  In *Olguin*, our Supreme Court upheld a probation condition requiring the defendant to inform his probation officer of any pets

---

[4] *In re Ricardo P.* (2015) 241 Cal.App.4th 676, review granted February 17, 2016, S230923; *In re Patrick F.* (2015) 242 Cal.App.4th 104, review granted February 17, 2016, S231428; *In re Alejandro R.* (2015) 243 Cal.App.4th 556, review granted March 9, 2016, S232240; *In re J.R.* (Dec. 28, 2015, A143163) [nonpub. opn.], review granted March 16, 2016, S232287; *In re Mark C.* (2016) 244 Cal.App.4th 520, review granted April 13, 2016, S232849; *In re A.S.* (2016) 245 Cal.App.4th 758, review granted May 25, 2016, S233932; and *In re A.D.* (April 26, 2016, A146136) [nonpub. opn.], review granted June 29, 2016, S234829; see *People v. Vasquez* (March 7, 2016, H039956) [nonpub. opn.], review granted May 25, 2016, S233855.

in his residence. The defendant challenged the condition as invalid under *Lent*, arguing that pet ownership was not reasonably related to his crime or his future criminality. (*Olguin*, at p. 380.) Our high court disagreed, explaining that "[p]robation officers are charged with supervising probationers' compliance with the specific terms of their probation to ensure the safety of the public and the rehabilitation of probationers. Pets residing with probationers have the potential to distract, impede, and endanger probation officers in the exercise of their supervisory duties. By mandating that probation officers be kept informed of the presence of [pets], this notification condition facilitates the effective supervision of probationers and, as such, is reasonably related to deterring future criminality." (*Id.* at p. 378.)

In *Ebertowski*, *supra*, 228 Cal.App.4th 1170, our colleagues in the Sixth Appellate District applied similar reasoning in the context of electronic search conditions. The defendant there pleaded no contest to making criminal threats and was placed on probation with terms including that he submit various electronic devices for search, provide the devices' passwords, and turn over his passwords to his social media sites. (*Id.* at p. 1172.) The appellate court rejected the defendant's claim that the conditions failed under *Lent*, holding that because the electronic search conditions facilitated the effective supervision of defendant's other undisputed terms, including that he discontinue his gang affiliation, the electronic search conditions were reasonably related to his future criminality. (*Id.* at p. 1177.) The court reasoned, "The only way that defendant could be allowed to remain in the community on probation without posing [a risk] to public safety was to closely monitor his gang associations and activities. The password conditions permitted the probation officer to do so. Consequently, the password conditions were reasonable under the circumstances . . . ." (*Ibid.*)

The same reasoning is applicable here. At the time Minor was placed on probation, Minor had a constellation of issues requiring intensive supervision: he had incurred multiple tardies and absences at school, received school reprimands and

6

suspensions, admitted to being involved with members of the Norteños gang, and admitted to what the juvenile court described as a "pretty deep drug issue." In denying Minor's motion to strike the electronic search condition, the court expressed serious concern about Minor's burglary and prior behavioral issues, including the extent of Minor's use of marijuana, Xanax, alcohol, and "syrup." The juvenile court then noted the electronic search condition would help the probation department "supervise the minor . . . [and] monitor the purchase, or sales, [or] usage" of drugs, calling the condition "*critical*" for Minor's rehabilitation. (Italics added.) In light of this record, it was within the juvenile court's discretion to impose the search condition as a means of effectively supervising Minor for his compliance with his drug conditions, as well as the rest of his undisputed probation conditions.[5]

*Erica R.*, *supra*, 240 Cal.App.4th 907, and *In re J.B.*, *supra*, 242 Cal.App.4th 749, both cited by defendant, are inapposite. In *Erica R.*, Division Two of this district struck down a similar electronic search probation condition that was imposed after the minor admitted to misdemeanor possession of ecstasy. (*Erica R.*, *supra*, at p. 910.) The minor's attorney objected to the condition, arguing that there were no issues with the minor's social media and that she did not have a phone. (*Ibid*.) Our colleagues struck the condition as invalid under *Lent*, finding that the record there—which does not reflect the array of criminal and social issues found in the case at hand—did not support the conclusion that the electronic search condition was related to the juvenile's future criminality. (*Id.* at p. 913.)

Similarly, in *In re J.B.*, *supra*, 242 Cal.App.4th 749, the minor was placed on probation with terms including an electronic search condition upon his admission to petty theft. (*Id.* at p. 752.) The minor there had admitted to smoking marijuana for two years

---

[5] The juvenile court's need to closely supervise Minor was reinforced by Minor's positive test for THC.

and his school records showed he had poor attendance and very poor grades. (*Id.* at p. 753.) Relying on *Erica R.*, Division Three struck down the condition as invalid under *Lent* and, further, as overbroad. The court reasoned that the record there, like the record in *Erica R.*, "[did] not support a conclusion that the electronic search condition [was] reasonably related to [the minor's] future criminal activity" and would instead serve only to "facilitate general oversight of the [minor's] activities." (*In re J.B.*, *supra*, at pp. 755, 758.)

The facts in both cases, however, are distinguishable from Minor's unique set of circumstances. Our colleagues recognized that whether a probation condition is reasonably related to a specific minor's future criminality is necessarily intertwined with the facts and circumstances surrounding the minor in question. (*Erica R.*, *supra*, 240 Cal.App.4th at p. 914 ["Our holding is narrow. Of course, there can be cases where, based on a defendant's history and circumstances, an electronic search condition bears a reasonable connection to the risk of future criminality"]; *In re J.B.*, *supra*, 242 Cal.App.4th at p. 754 ["[t]he reasonableness and propriety of the imposed condition is measured . . . by the circumstances of the current offense [and] the minor's entire social history"]; see *In re Binh L.* (1992) 5 Cal.App.4th 194, 203 ["every juvenile probation condition must be made to fit the circumstances and the minor"].) As we have explained, Minor's deep-seated issues with drugs, including marijuana, Xanax, alcohol, and "syrup"; struggle with school attendance and grades; suspensions and reprimands for behavioral issues, including bringing a weapon to school, having gang graffiti inside his locker and elsewhere in its vicinity, and swearing at his school's principal and staff; prior association with Norteños gang members; and unstable home life all support the juvenile court's conclusion that the electronic search condition would " 'serve the rehabilitative function of precluding [Minor] from any future criminal acts.' " (*Erica R.*, at p. 913.) Because the electronic search condition was reasonably related to Minor's future criminality, the juvenile court did not abuse its discretion in imposing it.

8

## B. Overbreadth

Minor also contends the electronic search condition is overbroad because it is not narrowly tailored to limit its impact on his privacy rights.

"A probation condition that imposes a limitation on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.) "The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.) We review constitutional challenges to probation conditions de novo. (*In re J.B.*, *supra*, 242 Cal.App.4th at p. 754.)

We first address the Attorney General's argument that Minor forfeited his constitutional challenge to the electronic search condition by failing to object on that basis below. Constitutional issues involving more than " ' "pure questions of law[, i.e., issues] that can be resolved without reference to the particular sentencing record developed in the trial court," ' " may generally not be raised for the first time on appeal. (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 889.) While it is true that Minor did not object on overbreadth grounds below, we believe he nevertheless preserved the issue by objecting to the imposition of the condition by reference to his Fourth Amendment rights and the purported "[lack of] evidence in the record" to support the juvenile court's conclusion that the electronic search condition would rehabilitate him—essentially a contention that the condition was not narrowly tailored to Minor and unnecessarily infringed on his constitutional rights. Regardless of Minor's purported forfeiture, we will consider the merits of his contention in the interest of justice as well as to obviate any claim that his trial counsel was ineffective in not interposing an objection. (*In re Luis F.*

9

(2009) 177 Cal.App.4th 176, 183–184 [appellate court has discretion to excuse a failure to object where error affects fundamental constitutional right].)

Citing *Riley v. California* (2014) 573 U.S. __ [134 S.Ct. 2473] (*Riley*), Minor argues the electronic search condition implicates serious privacy concerns regarding "nearly every aspect" of his life and is therefore overbroad. In *Riley*, the Supreme Court held that the warrantless search of a suspect's cell phone implicated and violated the suspect's Fourth Amendment rights. (*Riley*, *supra*, 134 S.Ct. at p. 2493.) In so holding, the court rejected the government's argument that the search of a suspect's cell phone was " 'materially indistinguishable' " from the search of an arrestee or items such as wallets, explaining that modern cell phones, which may have the capacity to be used as mini-computers, can potentially contain sensitive information about a number of areas of a person's life. (*Id.* at pp. 2488–2489.) The court reversed and remanded the case, but emphasized that its holding was only that cell phone data is subject to Fourth Amendment protection, "not that the information on a cell phone is immune from search." (*Id.* at p. 2493.)

*Riley*, however, did not involve probation conditions and, as a result, is inapposite in this context.[6] Unlike the defendant in *Riley*, who at the time of the search had not

---

[6] At oral argument, Minor argued that the fact that his search condition includes electronics made it significantly different from other types of search conditions because electronics are a "bottomless pit" that could potentially disclose a large amount of personal information. However, courts have historically allowed parole and probation officers significant access to other types of searches, including home searches, where a large amount of personal information—from medical prescriptions, banking information, and mortgage documents to love letters, photographs, or even a private note on the refrigerator—could presumably be found and read. (See *People v. Balestra* (1999) 76 Cal.App.4th 57, 62, 65–68 [upholding probationer's broad home search condition]; *In re Binh L.*, *supra*, 5 Cal.App.4th 194, 198, 203–205 [upholding search conducted pursuant to juvenile probationer's broad search condition]; *People v. Medina* (2007) 158 Cal.App.4th 1571, 1575–1580 [upholding search conducted pursuant to probationer's broad home search condition]; *People v. Reyes* (1998) 19 Cal.4th 743, 746, 754 [upholding search conducted pursuant to parole condition requiring defendant to submit his residence and property under his control to search by law enforcement].) In cases

10

been convicted of a crime and was still protected by the presumption of innocence, Minor is a probationer. "Inherent in the very nature of probation is that probationers 'do not enjoy "the absolute liberty to which every citizen is entitled." ' [Citations.] Just as other punishments for criminal convictions curtail an offender's freedoms, a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens." (*United States v. Knights* (2001) 534 U.S. 112, 119.) For purposes of privacy, a search condition diminishes, albeit does not entirely preclude, a probationer's reasonable expectation of privacy. (*In re Binh L.*, *supra*, 5 Cal.App.4th at pp. 203–205.) Moreover, as a juvenile, Minor is "deemed to be more in need of guidance and supervision than adults, and . . . [his] constitutional rights are more circumscribed. The state, when it asserts jurisdiction over a minor, stands in the shoes of the parents . . . [and] may 'curtail a child's exercise of . . . constitutional rights.' " (*In re Antonio R.* (2000) 78 Cal.App.4th 937, 941.) Accordingly, although we agree with Minor that his right to privacy is implicated by the electronic search condition (*People v. Appleton*, *supra*, 245 Cal.App.4th at p. 724 ["individuals retain a constitutionally protected expectation of privacy in the contents of their own [electronics]"]), we nevertheless

---

involving probation or parole house search conditions, we have found no instances in which courts have carved out exceptions for the same type of information Minor argues could potentially be on his electronics. (But see *People v. Appleton* (2016) 245 Cal.App.4th 717, 725 [remanding for narrowing adult probationer's electronic search condition when electronics would be subject to forensic analysis].) Nor can we find any evidence in the record that Minor keeps medical, banking, financial, or otherwise intensely private information on his electronics. Even if that was the case, "[t]here is no reason to believe the probation department has the resources to retrieve cell phone records and scrutinize them line by line to detect potentially prohibited contacts [or activities]." (*In re Victor L.*, *supra*, 182 Cal.App.4th at p. 922.) Finally, although electronic devices might potentially contain more data than a home, there is nothing in the record suggesting this is true here.

11

disagree with his contention that the challenged condition is unconstitutionally overbroad.[7]

*Ebertowski*, *supra*, 228 Cal.App.4th 1170 is, again, instructive. The defendant in *Ebertowski* was a violent criminal street gang member who made threats to armed police officers, physically resisted police officers, and promoted his gang on social media. (*Id.* at p. 1175.) On appeal, he argued that his nearly identical electronic search condition and, in particular, the condition that he turn over passwords to his devices and social media, was unconstitutionally overbroad. The appellate court rejected the defendant's claim. (*Ibid.*) Instead, the court reasoned that the "minimal invasion" into the defendant's privacy resulting from enforcement of the electronic search condition, including the password condition, was outweighed by the government's interest in protecting the public by ensuring that the defendant complied with his anti-gang probation conditions. (*Id.* at p. 1176.) The court further stated, "The evident purpose of the password conditions was to permit the probation officer to implement the search, association, and gang insignia conditions . . . . Access to all of defendant's devices and social media accounts is the only way to see if defendant is ridding himself of his gang associations and activities, as required by the terms of his probation." (*Id.* at p. 1175.)

The same is true here. Like the defendant in *Ebertowski*, Minor requires intensive supervision to ensure his compliance with his probation conditions. Minor is chronically truant and has serious behavioral and educational issues, a difficult family life, and a

---

[7] Minor's reliance on *United States v. Jones* (2012) 565 U.S. __ [132 S.Ct. 945], a case involving the warrantless installation of a GPS on a suspect's vehicle, is misplaced for the same reason. *Jones* did not involve a probationer and thus concluded that the defendant's reasonable expectation of privacy was higher than that which is afforded to juveniles and/or probationers. (See *In re Binh L.*, *supra*, 5 Cal.App.4th at pp. 203–205; *In re Antonio R.*, *supra*, 78 Cal.App.4th at p. 941.) Moreover, there is no indication in the record that the juvenile court or probation department intended to install any sort of tracking device or software on Minor's electronics.

significant drug and alcohol problem. Minor also already tested positive for THC while on probation. These collective circumstances justify the juvenile court's imposition of a broad electronic search condition as a means of adequately supervising Minor's compliance with his probation conditions and protect the public, as well as Minor, from Minor's future criminality. Moreover, given Minor's limited reasonable expectation of privacy, the intrusion into Minor's right to privacy is outweighed by the state's interest in ensuring his rehabilitation. (See *In re George F.* (2016) __ Cal.App.4th __ [2016 WL 3540949] [upholding probation condition requiring juvenile to submit his electronic devices and internet sites or social media accounts, including all passwords, pass codes, and decryption information, for inspection by law enforcement]; *In re Victor L.*, *supra*, 182 Cal.App.4th at pp. 920–921 [probation condition banning possession of cell phones and pagers was not overbroad as it was narrowly tailored to prevent future criminal gang activity]; *In re Charles G.* (2004) 115 Cal.App.4th 608, 615 ["the juvenile court has statutory authority to order delinquent wards to receive 'care, treatment, and guidance that is consistent with their best interest, that holds them accountable for their behavior, and that is appropriate for their circumstances' "].)

We further note that the record here does not support Minor's assertions that the electronic search condition actually intrudes into his privacy or "nearly every aspect" of his life. Nothing in the record shows Minor even has a cell phone or any electronic devices, and Minor does not point us to anything in the record showing any actual harms stemming from their inspection.[8] Thus, rather than speculate on how Minor's privacy

---

[8] At oral argument, Minor suggested that the onus should be on the juvenile court to inquire into whether Minor had specific electronics or social media accounts in order to identify each item or account to be inspected by the probation department and avoid intrusion into those items it determined were personal in nature. We reject this contention. The court has a duty to closely tailor a probation condition to a Minor's needs. (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 890.) It does not, however, have the burden of conducting a line-by-line inventory and analysis of a probationer's potential objections to a probation condition. Minor here had the opportunity to support his

might be impacted by the search condition, we leave Minor to exercise his remedy in the juvenile court should he have specific concerns about how the electronic search condition impacts his privacy. (See § 1203.3, subd. (a) [defendant may file motion to modify probation condition].)

In so holding, we recognize that our colleagues in *P.O.* concluded that a nearly identical electronic search condition was overbroad as to the minor in question there, who admitted to misdemeanor public intoxication. (*P.O*, *supra*, 246 Cal.App.4th at p. 298.) The *P.O.* court, however, emphasized that the condition "[was] not sufficiently tailored because P.O.'s needs [were] less severe and the condition's purpose [was] accordingly less expansive." (*Ibid.*) That is not so here. As we have already explained, Minor's circumstances and needs are numerous and fairly severe. A broad electronic search condition is appropriate for the level of supervision Minor requires.

*In re White* (1979) 97 Cal.App.3d 141, cited by minor, is also distinguishable. In *White*, the defendant was convicted of prostitution and placed on probation conditions including that she not be present within specific designated prostitution areas, including where she used to live and where her friends and family resided. (*Id*. at p. 144.) She contended the condition was overbroad and violated her right to travel. The court agreed and remanded the matter to the trial court to modify the condition to pass constitutional muster or strike it. (*Ibid.*) Here, we are not dealing with a restriction on Minor's right to travel but a search condition that is tailored to allow Minor's adequate supervision while he is on probation. Accordingly, *White* is inapposite.

## C. Section 632

Finally, Minor argues that the electronic search condition poses a risk of illegal eavesdropping under section 632.

---

objections to the electronic search condition by placing specific facts on the record, but chose not to do so.

14

Section 632, subdivision (a) provides:  "Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, [is subject to a fine, incarceration, or both]."

By failing to raise this issue below at the hearing or in his written motion on the electronic search condition, Minor has forfeited this claim.  (*People v. Scott* (1994) 9 Cal.4th 331, 351–354.)  Moreover, Minor's argument is premised on alleged harms to third parties whose rights he is not entitled to assert.  (*B. C. Cotton, Inc. v. Voss* (1995) 33 Cal.App.4th 929, 947–948 ["[C]ourts will not consider issues tendered by a person whose rights and interests are not affected"].)

## III.  DISPOSITION

The juvenile court's order is affirmed.


_____
Rivera, J.


We concur:


_____
Ruvolo, P.J.


_____
Reardon, J.

15

| | |
|---|---|
| Trial Court: | Alameda County |
| Trial Judge: | Hon. Leopoldo E. Dorado |
| | |
| Counsel for Defendant & Appellant: | Sejal H. Patel, by appointment of the Court of Appeal under the First District Appellate Project |
| Counsel for Plaintiff & Respondent: | Kamala D. Harris, Attorney General; Gerald A. Engler, Chief Assistant Attorney General; Jeffrey M. Laurence, Senior Assistant Attorney General; Donna M. Provenzano, Supervising Deputy Attorney General; Hanna Chung, Deputy Attorney General |