Filed 11/27/19; Opinion following transfer from Supreme Court
# CERTIFIED FOR PUBLICATION

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B271300 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA094777) |
| v. | |
| CLYDELL BRYANT, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael Villalobos, Judge.  Affirmed with directions.

David Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris and Xavier Becerra, Attorneys General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Zee Rodriguez and Andrew S. Pruitt, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury convicted Clydell Bryant of possessing a concealed, loaded, unregistered firearm in a vehicle.  The court imposed a two-year sentence, a portion of which was to be served under mandatory supervision.  During the period of mandatory supervision, the court required Bryant to submit to searches of text messages, emails, and photographs on any cellular phone or other electronic device in his possession or residence.  He contends that the requirement is invalid under *People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*) and is unconstitutionally overbroad.

In an opinion filed April 3, 2017, we agreed with Bryant that the condition is invalid under *Lent* and struck the condition. (*People v. Bryant* (2017) 10 Cal.App.5th 396 (*Bryant I*), review granted June 28, 2017, S241937, opn. vacated Sept. 25, 2019.)  The Supreme Court granted Bryant's petition for review and deferred consideration of the case pending its decision in another case.  After it decided that other case in *In re Ricardo P.* (2019) 7 Cal.5th 1113 (*Ricardo P.*), the Supreme Court transferred the instant case to this court with directions to vacate our prior opinion (*Bryant I*) and reconsider the cause in light of *Ricardo P.*  We have done so, and again hold that the search condition in this case is invalid under *Lent*.

**FACTUAL AND PROCEDURAL SUMMARY**

On a night in August 2014, Pasadena Police Department officers responded to a call for service outside a housing complex where a group of individuals were drinking and refusing to leave the area.  Bryant and his girlfriend, Lamaine Jones, were smoking marijuana in a parked car in the area.  Jones sat in the driver's seat and Bryant in the passenger seat.  The car belonged to Jones's mother.

A Pasadena police officer approached the driver's side of the car and smelled a strong odor of marijuana coming from the car. The officer asked Jones and Bryant to step out of the car so he could check for marijuana. Jones and Bryant complied.

The officer searched the car and found a semi-automatic .45 caliber Hi-Point handgun under the front passenger seat. According to the officer, the gun was accessible to a person in the passenger seat, but not the driver's seat. There were nine bullets in the gun's magazine. The police later determined that the gun was not registered. Bryant's DNA matched DNA found on the gun's magazine. DNA from several persons found on the gun's handle could not be matched to any specific person.

A jury convicted Bryant of carrying a concealed firearm in a vehicle (Pen. Code,[1] § 25400, subd. (a)(1)), and found that the firearm was loaded and not registered to him. (§ 25400, subds. (a) & (c)(6).)

The court sentenced Bryant to two years in county jail pursuant to section 1170, subdivision (h), and suspended the last 364 days of the term. During the time the sentence was suspended, Bryant would be subject to mandatory supervision by the county probation department pursuant to section 1170, subdivision (h)(5)(B).

Over Bryant's objection, the court required that, during the term of his mandatory supervision, Bryant submit to searches of text messages and emails on any cellular phone or other electronic device in his possession or residence. In response to defendant's objection to the requirement, the court explained: "Well, it seems

---

[1] Unless otherwise specified, subsequent statutory references are to the Penal Code.

to me that while he's on either probation or supervision, the probation officer could go in and search his residence and his person and he could look in the residence for any indicia of any violations either weapons or contraband, or he or she could look for evidence that the defendant is participating or associating with any gangs. [¶] It seems to me that a part of that search should include, while he's on supervision or probation, access to any computer that he uses in the home or his cell[]phone; however, I don't think it's unlimited access, and I would limit it to maybe his text messages and e-mails and nothing else."

At the prosecutor's request and over defendant's further objection, the court added photographs to the items subject to search on Bryant's electronic devices, explaining that this was "reasonable because I think prior experiences have shown there may be evidence with the photographs."**2**

## DISCUSSION

The court sentenced Bryant pursuant to subdivision (h) of section 1170. Under that statute, the court shall impose a hybrid or split sentence consisting of county jail followed by a period of mandatory supervision unless, in the interests of justice, it would not be appropriate in a particular case. (§ 1170, subd. (h)(5).) During the period of mandatory supervision, "the defendant shall be supervised by the county probation officer in accordance with

---

**2** The court expressed the electronic search condition in a minute order as follows: "Defendant is to submit to search of any electronic device either in his possession including cell phone and/or any device in his place of residence. Any search by probation is limited to defendant[']s text messages, emails, and photos on such devices." (Capitalization omitted.)

4

the terms, conditions, and procedures generally applicable to persons placed on probation." (§ 1170, subd. (h)(5)(B).) Although mandatory supervision is comparable in some ways to probation, it is not identical. (See *People v. Martinez* (2014) 226 Cal.App.4th 759, 762-763 (*Martinez*).) A defendant who is offered probation, for example, may refuse probation if he " 'finds the conditions of probation more onerous than the sentence he would otherwise face.' " (*People v. Moran* (2016) 1 Cal.5th 398, 403.) In contrast to a defendant who is given probation, however, a defendant may not refuse mandatory supervision. (*People v. Rahbari* (2014) 232 Cal.App.4th 185, 194–195.) Accordingly, the court did not ask Bryant whether he would accept the court's terms of his mandatory supervision.

Courts generally have "broad discretion in fashioning terms of supervised release, in order to foster the reformation and rehabilitation of the offender, while protecting public safety. (*Martinez*, *supra*, 226 Cal.App.4th at p. 764.) Courts have evaluated the validity of mandatory supervision terms under a test announced in *Lent*, *supra*, 15 Cal.3d 481. (*People v. Malago* (2017) 8 Cal.App.5th 1301, 1306 (*Malago*); *People v. Relkin* (2016) 6 Cal.App.5th 1188, 1194 (*Relkin*); *Martinez*, *supra,* 226 Cal.App.4th at p. 764.) Under *Lent*, a court abuses its discretion when it imposes a term or condition that " '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.' " (*Lent*, *supra*, at p. 486.) "This test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a . . . term." (*People v. Olguin* (2008)

45 Cal.4th 375, 379; accord, *Ricardo P.*, *supra*, 7 Cal.5th at p. 1118.)[3]

The Attorney General does not dispute that the electronic search condition fails the first two *Lent* prongs—the condition has no relationship to Bryant's crime and the use of electronic devices "is not itself criminal." (See *In re Erica R.* (2015) 240 Cal.App.4th 907, 913; *In re J.B.* (2015) 242 Cal.App.4th 749, 754–755.) The issue, therefore, is whether the electronic search condition is reasonably related to preventing future criminality.

In *Ricardo P.*, our Supreme Court recently explained that *Lent*'s future criminality prong "contemplates a degree of proportionality between the burden imposed by a probation condition and the legitimate interests served by the condition." (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1122.) "A probation condition that imposes substantially greater burdens on the probationer than the circumstances warrant is not a 'reasonable' one." (*Id.* at p. 1128.) In the case of electronic search conditions, the salient burden on a probationer is the burden imposed on his or her privacy interest. (*Id.* at pp. 1122–1123.) A probationer's interest in privacy is impacted by such a condition because, as the United States Supreme Court has observed, cell phones contain "a digital record of nearly every aspect of their [owner's] lives—from the mundane to the intimate," and "[t]he sum of an individual's private life can

---

[3] The Attorney General contends that Bryant waived his *Lent* claim by failing to object in the trial court. We disagree. Bryant's counsel objected to the condition, stating that the facts "do not suggest that any criminal conduct involving a cell[ ]phone or electr[on]ic device has been committed," and that there has not been "a proper showing of the need to impose this term of probation." This was sufficient to preserve the issue on appeal.

6

be reconstructed through a thousand photographs labeled with dates, locations, and descriptions." (*Riley v. California* (2014) 573 U.S. 373, 394–395; accord, *Ricardo P.*, *supra*, 7 Cal.5th at p. 1123.)

Although the future criminality prong of *Lent* does not "require 'a nexus between the probation condition and the defendant's underlying offense or prior offenses' " (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1122), "there must be information in the record establishing a connection between the search condition and the probationer's criminal conduct or personal history—an actual connection apparent in the evidence, not one that is just abstract or hypothetical." (*In re Alonzo M.* (2019) 40 Cal.App.5th 156, 166, petn. for review pending, petn. filed Oct. 22, 2019.) A condition may be supported by, for example, "information in a probation report that raises concerns about future criminality unrelated to a prior offense." (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1122.)

In *Ricardo P.*, Ricardo, a juvenile, admitted to committing two residential burglaries. (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1116.) He also "told a probation officer that 'he wasn't thinking' when he committed the offense and that 'he stopped smoking marijuana after his arrest because he felt that [it] did not allow him to think clearly.' " (*Ibid.*) The court declared Ricardo a ward of the court and placed him on probation subject to certain conditions. The conditions included drug testing, prohibition of using illegal drugs and alcohol, and a requirement that he " '[s]ubmit . . . electronics including passwords under [his] control to search by [p]robation [o]fficer or peace office[r] with or without a search warrant at any time of day or night.' " (*Id.* at pp. 1116–1117.) In rejecting Ricardo's challenge to the search condition, the juvenile court found that Ricardo's reference to smoking marijuana and his statement

7

that " 'he wasn't thinking' " during the robberies indicated that Ricardo had used marijuana during the crimes; and because juveniles will use the Internet to "brag about their marijuana usage or drug usage," the electronic search condition was " 'a very important part of being able to monitor drug usage and particularly marijuana usage.' " (*Id.* at p. 1117.)

The Supreme Court held that, even if it accepted the juvenile court's finding that Ricardo used marijuana during the robberies and its "generalization about teenagers' tendency to brag about drug use online," the search condition was invalid because it "impose[d] a very heavy burden on privacy with a very limited justification." (*Ricardo P.*, *supra*, 7 Cal.5th at pp. 1119–1120, 1124.) More particularly, the condition "imposed a sweeping probation condition requiring [the probationer] to submit all of his electronic devices and passwords to search at any time" even though "nothing in the record suggests that [the probationer] has ever used an electronic device or social media in connection with criminal conduct." (*Id.* at pp. 1122–1123.)

Here, the electronic search condition imposed on Bryant is a similarly "sweeping . . . condition" that likewise "significantly burdens [Bryant's] privacy interests." (*Ricardo P.*, *supra*, 7 Cal.5th at pp. 1122–1123.) The right to search extends to all of Bryant's text messages, emails, and photos on any device in his possession or residence, with the potential to reveal "vast amounts of personal information unrelated to defendant's criminal conduct or his potential for future criminality." (*People v. Appleton* (2016) 245 Cal.App.4th 717, 727). Moreover, because the search condition, like the condition in *Ricardo P.*, "lacks any temporal limitations," probation officers could "access digital information that long predated the imposition of" Bryant's sentence. (*Ricardo P.*, *supra*,

7 Cal.5th at p. 1127.)  Thus, the electronic search condition similarly "imposes a very heavy burden on privacy." (*Id.* at p. 1124.)

As in *Ricardo P.*, there is "nothing in the record [that] suggests that [Bryant] has ever used an electronic device or social media in connection with criminal conduct." (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1122.)  Nevertheless, the trial court reasoned that a search of Bryant's electronic devices was justified because it could aid the probation officer's monitoring of other terms of supervision, such as the proscription against possessing weapons or associating with gangs.  That rationale, however, was rejected in *Ricardo P.* because it "would effectively eliminate the reasonableness requirement in *Lent*'s third prong, for almost any condition can be described as 'enhancing the effective supervision of a probationer.'" (*Id.* at p. 1127.)

Tellingly, the *Ricardo P.* Court referred to our prior opinion in this case to illustrate this point and implicitly disapprove of the search condition imposed on Bryant.  The Court stated:  "If we were to find this record [in *Ricardo P.*] sufficient to sustain the probation condition at issue, it is difficult to conceive of any case in which a comparable condition could not be imposed, especially given the constant and pervasive use of electronic devices and social media by juveniles today.  In virtually every case, one could hypothesize that monitoring a probationer's electronic devices and social media might deter or prevent future criminal conduct.  For example, an electronics search condition could be imposed on a defendant convicted of carrying an unregistered concealed weapon on the ground that text messages, e-mails, or online photos could reveal evidence that the defendant possesses contraband or is participating in a gang. (But see [*Bryant I*, *supra*,] 10 Cal.App.5th

[at p.] 405 . . . [invalidating such a condition 'in the absence of facts demonstrating " ' "a predisposition" to utilize electronic devices . . . in connection with criminal activity' " '].)" (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1123.)  As the Court's citation to *Bryant I* suggests, *Ricardo P.*'s example is based on the facts in this case.  The Court used the example to demonstrate, by way of a reductio ad absurdum, the type of patently unreasonable electronic search condition that could be imposed if monitoring a probationer's electronic devices for evidence of criminality was a sufficient justification for the condition.  The Court's implied disapproval of that type of condition, even if dicta in that case, virtually compels our disapproval of the condition where, as here, it was actually imposed.  (See *County of Fresno v. Superior Court* (1978) 82 Cal.App.3d 191, 194 ["Dicta may be highly persuasive, particularly where made by the Supreme Court after that court has considered the issue and deliberately made pronouncements thereon intended for the guidance of the lower court upon further proceedings."].)

In any event, even absent the Supreme Court's citation to *Bryant I*, the Supreme Court's reasoning and holding in *Ricardo P.* is consistent with the conclusion we reached in our prior decision and supports the same conclusion now.  Because of the significant burden imposed on Bryant's privacy interest and the absence of any information in the record to connect the condition with the goal of preventing future criminality, we again hold that the electronic search condition imposed on Bryant is invalid under *Lent*. (See *In re Erica R.*, *supra*, 240 Cal.App.4th at p. 913 [electronic search condition invalid under *Lent* because there was nothing in the record demonstrating a predisposition to using electronic devices in connection with criminal activity]; *In re J.B.*, *supra*,

10

242 Cal.App.4th 749, 756 [electronic search condition invalid under *Lent* because there was "no showing of any connection between the minor's use of electronic devices and his past or potential future criminal activity"].)

The Attorney General, in a brief filed prior to *Bryant I* and *Ricardo P.*, relied on *People v. Ebertowski* (2014) 228 Cal.App.4th 1170 (*Ebertowski*) and *In re J.E.* (2016) 1 Cal.App.5th 795, review granted Oct. 12, 2016, S236628, opinion vacated Sept. 25, 2019. In *Ebertowski*, the defendant was a gang member who brandished a weapon, told an arresting "officer that he was ' "[f]ucking with the wrong gangster," ' " and repeatedly threatened the officer and the officer's family. (*Ebertowski*, *supra*, 228 Cal.App.4th at pp. 1172–1173.)[4] The defendant pleaded no contest to making criminal threats and resisting or deterring an officer, and admitted a gang allegation. The prosecution requested that the court impose conditions requiring the defendant to submit to a search of electronic devices within his custody or control and provide his passwords to the devices and any social media websites. (*Id.* at p. 1172.) The prosecutor explained that these conditions should be imposed because ' 'the defendant has used social media sites historically to promote the Seven Trees Norteño criminal street gang.' " (*Id.* at p. 1173.) The conditions were also a " 'means to effectuate the already existing warrantless search condition.' " (*Ibid.*)

---

[4] The *Ricardo P.* Court cited *Ebertowski* as an example of a case in which "the probationer's offense or personal history may provide the juvenile court with a sufficient factual basis from which it can determine that an electronics search condition is a proportional means of deterring the probationer from future criminality." (*Ricardo P.*, *supra*, 7 Cal.5th at pp. 1128–1129.)

The Court of Appeal upheld the probation conditions, explaining that the "conditions were related to [the defendant's] crimes, which were plainly gang related, because they were designed to allow the probation officer to monitor defendant's gang associations and activities. Defendant's association with his gang was also necessarily related to his future criminality. His association with his gang gave him the bravado to threaten and resist armed police officers. The only way that defendant could be allowed to remain in the community on probation without posing an extreme risk to public safety was to closely monitor his gang associations and activities. The password conditions permitted the probation officer to do so." (*Ebertowski, supra,* 228 Cal.App.4th at pp. 1176–1177.)

In *In re J.E., supra,* 1 Cal.App.5th 795, the Court of Appeal relied on *Ebertowski* in upholding an electronic search condition, and distinguished *In re Erica R.* and *In re J.B.,* stating that the minor in the case before it had "deep-seated issues with drugs," "struggle[d] with school attendance and grades," had been suspended and reprimanded for behavioral issues, brought a weapon to school, had gang graffiti in his locker and a prior association with Norteños gang members, and an "unstable home life." (*In re J.E., supra,* at p. 802.) These facts, the court explained, "support the juvenile court's conclusion that the electronic search condition would ' "serve the rehabilitative function of precluding [Minor] from any future criminal acts." ' " (*Ibid.,* quoting *In re Erica R., supra,* 240 Cal.App.4th at p. 913.)

*Ebertowski* and *In re J.E.* are distinguishable. There is no evidence that Bryant, unlike the defendant in *Ebertowski,* used any electronic device to promote gang activity. And *In re J.E.* involved a minor who "had a constellation of issues requiring intensive

12

supervision," including a " 'pretty deep drug issue.' " (*In re J.E., supra*, 1 Cal.App.5th at p. 801.) The electronic search condition was considered " *'critical '* for Minor's rehabilitation" by allowing the probation officer to " 'monitor the purchase, or sales, [or] usage' of drugs." (*Ibid.*) Here, although Bryant had been smoking marijuana in a car, there is nothing to suggest that his phone must be monitored for drug sales, as in *In re J.E.* Moreover, because Bryant is an adult, the justification for state supervision of his personal drug use is weaker than in the case of minors, and his constitutionally protected interest in his privacy is greater. (See, e.g., *In re Antonio R.* (2000) 78 Cal.App.4th 937, 941.)

For all the foregoing reasons, we conclude that the electronic search condition is invalid under *Lent*.[5]

In a brief filed after *Ricardo P.*, the Attorney General concedes that if *Ricardo P.* controls, "it appears the electronic search condition here would be invalid." The Attorney General contends, however, that *Ricardo P.* does not control because *Lent* and *Ricardo P.* addressed conditions of probation, and neither should apply to terms of mandatory supervision imposed under section 1170, subdivision (h)(5). The Attorney General explains that mandatory supervision is more akin to parole than probation because mandatory supervision and parole are mandatory post-incarceration periods during which convicted felons serve a portion of their sentences outside of prison; probation, by contrast, "is a grant of clemency in lieu of a custody commitment." Because of the similarities between mandatory supervision and

---

[5] Bryant also contends that the electronic search condition is unconstitutionally overbroad. Because we hold that the condition is invalid under *Lent*, we do not reach this issue.

parole, and their differences with probation, the Attorney General argues that mandatory supervision terms should not be evaluated under the *Lent* test, but by the standards applicable to searches of parolees under *People v. Burgener* (1986) 41 Cal.3d 505 (*Burgener*), disapproved in part in *People v. Reyes* (1998) 19 Cal.4th 743, 752.) Under *Burgener*, a warrantless search condition of a felony parolee does not violate the parolee's "constitutional protection against arbitrary and oppressive official action." (*Burgener, supra,* 41 Cal.3d at pp. 532–533.)

*Burgener*'s acceptance of parole search conditions was based on its determination that such conditions do not violate the Fourth Amendment's proscription against unreasonable searches and seizures and no other law provided greater protection for parolees. (*Burgener, supra,* 41 Cal. at pp. 530–536) The *Lent* test, by contrast, is not a constitutional requirement; it is the result of judicial interpretation of section 1203.1, subdivision (j), which permits a court granting probation to impose "reasonable conditions, as it may determine are fitting and proper to the end that justice may be done." (§ 1203.1, subd. (j); see *Lent, supra,* 15 Cal.3d at p. 486; *Ricardo P., supra,* 7 Cal.5th at p. 1128; *People v. Dominguez* (1967) 256 Cal.App.2d 623, 627.) Whether persons subject to mandatory supervision would be protected no more than the constitution requires or have the benefit of the greater protection afforded probationers is answered by the text of section 1170, subdivision (h). That subdivision declares that persons subject to mandatory supervision "shall be supervised by the county probation officer in accordance with the terms, conditions, and procedures generally applicable to persons placed on *probation*." (§ 1170, subd. (h)(5)(B), italics added.) Because terms and conditions applicable to persons placed on probation

14

are subject to the *Lent* test, it follows that terms and conditions applicable to those on mandatory supervision must also satisfy *Lent*. Accordingly, the courts that have addressed the issue have consistently applied the *Lent* test to mandatory supervision terms. (See, e.g., *Malago*, *supra*, 8 Cal.App.5th at p. 1306; *Relkin*, *supra*, 6 Cal.App.5th at p. 1194; *Martinez*, *supra,* 226 Cal.App.4th at p. 764.) The Attorney General offers no contrary authority. We agree with these cases and conclude that *Lent* applies to terms and conditions of mandatory supervision.

## DISPOSITION

The terms of Bryant's mandatory supervision that he submit to searches of his cellular phone or other electronic devices is stricken.  The trial court is ordered to file a minute order reflecting the striking of this term and forward a copy of the order to the Los Angeles County Probation Department.  The judgment is otherwise affirmed.

CERTIFIED FOR PUBLICATION.


ROTHSCHILD, P. J.

We concur:



CHANEY, J.



JOHNSON, J.