Filed 9/29/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re MALIK J., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>MALIK J.,<br><br>     Defendant and Appellant. | A143355<br><br>(Alameda County<br>Super. Ct. No. C169285) |

Malik J., a minor, appeals from a dispositional order issued pursuant to Welfare & Institutions Code section 602 after he admitted an allegation that he violated the terms of his probation. He contends the court unconstitutionally imposed a condition of probation that requires him and his family to permit searches of and disclose all passwords to their electronic devices and social media sites. We agree the condition is overbroad and order it to be modified to conform to constitutional requirements.

**BACKGROUND**

On the night of September 21, 2014, 17-year-old Malik and one or two companions physically assaulted and robbed three different women near the MacArthur Street BART station. Malik had previously been adjudged a ward of the court after admitting a robbery in 2012, and was on probation in the custody of an aunt. Among the conditions of probation imposed for the 2012 adjudication was that Malik "submit person and any vehicle, room or property under your control to search by Probation Officer or peace office[r] with or without a search warrant at any time of day or night."

1

The Alameda County District Attorney filed a notice of probation violation alleging that Malik committed three robberies and possessed eight baggies of marijuana. At the dispositional hearing, Malik admitted the probation violations. The court ordered him detained at juvenile hall pending out of home placement and continued all previously ordered terms and conditions of probation, "[i]ncluding the search clauses."

The prosecutor interjected that Malik had been working with two other individuals, which "would indicate electronic devices might be used to coordinate with other people, and one of these robberies involved an iPhone, which means electronic devices on his person might be stolen." In response, over a defense objection, the court added additional probation conditions that required Malik and possibly his family to provide all passwords and submit to searches of electronic devices and social media sites. "So you're to—and the family—is to provide all passwords to any electronic devices including cell phones, computers and notepads within your custody and control, and submit to search of devices at any time to any peace officer. And also provide any passwords to any social media sites, including [F]acebook, Instagram, and submit those [s]ites to any peace officer with or without a warrant."[1]

The signed minute order states this probation condition somewhat differently, omitting the references to Malik's family and social media sites. It states: "Minor is ordered to provide all passwords to any electronic devices, including cell phones, computers or [notepads], within your custody or control, and submit such devices to search at any time without a warrant by any peace officer."

Malik filed this timely appeal.

## DISCUSSION

### I. Legal Principles

Welfare and Institutions Code section 730 authorizes the juvenile court to "impose and require any and all reasonable conditions that it may determine fitting and proper to

---

[1]For ease of reference, we will refer to this probation condition as the "electronics search condition."

2

the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (Welf. & Inst. Code, § 730, subd. (b).) In planning conditions of probation, the juvenile court must consider the minor's entire social history, in addition to the circumstances of the offense. (*In re Todd L.* (1980) 113 Cal.App.3d 14 (*Todd L.*).)

The juvenile court has broad discretion to formulate probation conditions. (*In re Tyrell J.* (1994) 8 Cal.4th 68, 81, 20, overruled on other grounds in *In re Jaime P.* (2006) 40 Cal.4th 128, 130; *In re Josh W.* (1997) 55 Cal.App.4th 1, 5.) Because juvenile probation conditions are imposed on the minor to ensure his rehabilitation, "[a] condition of probation which is impermissible for an adult criminal defendant is not necessarily unreasonable for a juvenile receiving guidance and supervision from the juvenile court." (*Todd L., supra*, 113 Cal.App.3d at p. 19; *In re Frankie J.* (1988) 198 Cal.App.3d 1149, 1153.) Indeed, a juvenile court may impose a condition of probation that would be unconstitutional in an adult context, "so long as it is tailored to specifically meet the needs of the juvenile." (*Josh W., supra,* at p. 5.) "This is because juveniles are deemed to be more in need of guidance and supervision than adults, and because a minor's constitutional rights are more circumscribed. The state, when it asserts jurisdiction over a minor, stands in the shoes of the parents. And a parent may 'curtail a child's exercise of the constitutional rights . . . [because a] parent's own constitutionally protected "liberty" includes the right to "bring up children" [citation] and to "direct the upbringing and education of children." [Citation.]' [Citations.]" (*In re Antonio R.* (2000) 78 Cal.App.4th 937, 941.)

But the juvenile court's discretion is not unlimited. A probation condition is invalid if it: "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality." (*People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*).) In addition, a juvenile court may not adopt probation conditions that are constitutionally vague or overbroad. (*In re Sheena K.* (2007) 40 Cal.4th 875, 889–891 (*Sheena K.*); *In re Victor L.* (2010) 182 Cal.App.4th 902, 910 (*Victor L.*).)

While we generally review the court's imposition of a probation condition for abuse of discretion, we review constitutional challenges to probation conditions de novo. (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.) In an appropriate case, a probation condition that is not sufficiently precise or narrowly drawn may be modified in this court and affirmed as modified. (See, e.g., *Sheena K., supra*, 40 Cal.4th at p. 892; *People v. Lopez* (1998) 66 Cal.App.4th 615, 629.)

## II. Overbreadth and Vagueness

Malik argues the electronics condition fails under *Lent* because it bears no reasonable relationship to his criminality, and restricts his constitutional rights of privacy and freedom of expression without being narrowly tailored. The People maintain the condition is justified by Malik's history of robbing people of their cell phones and his claim that he does not himself own a cell phone. "[I]t is manifestly reasonable to impose the probation search condition so that, if [Malik] were found in possession of a cell phone, a probation or police officer could check the phone to determine whether it had been stolen." True, as far as it goes. But the electronics search condition goes considerably farther than permitting police to search a cell phone to determine whether Malik is the owner. It also requires him to turn over his passwords to, and authorizes unfettered searches of, all of his electronic devices and all of his social media accounts. As Malik observes, identifying whether an electronic device is stolen has no relationship to accessing the content of his social media accounts.

Under the overbreadth doctrine, "conditions of probation that impinge on constitutional rights must be tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation." (*Victor L.*, *supra*, 182 Cal.App.4th at p. 910; *Sheena K.*, *supra*, 40 Cal.4th at p. 890.) The mismatch here is of concern, because the threat of unfettered searches of Malik's electronic communications significantly encroaches on his and potentially third parties' constitutional rights of privacy and free speech. "Modern cell phones are not just another technological convenience. With all they contain and all they may reveal, they hold for many Americans 'the privacies of life[.]' [Citation]. The fact that technology now allows an individual to carry such

4

information in his hand does not make the information any less worthy of the protection for which the Founders fought." (*Riley v. California* (2014) ___ U.S. ___, ___ [134 S.Ct. 2473, 2494–2495, 2491] (*Riley*).)  In view of these significant privacy implications, the electronics search condition must be modified to omit the requirement that Malik turn over passwords to social media sites and to restrict searches to those electronic devices found in his custody and control.

But this does not mean that officers would have the unfettered right to retrieve *any* information accessible from any phone or computer in Malik's possession.  The probation condition allowing officers to search property in Malik's control is nominally broad enough to allow the search of electronic devices.  Such a condition allows warrantless searches of a probationer's property so long as they are not arbitrary, capricious or harassing.  (*In re Jaime P., supra*, 40 Cal.4th at p. 136.)  While a search condition diminishes a juvenile probationer's reasonable expectation of privacy, it does not entirely preclude it.  (*Ibid*.)  As is evident here, the ubiquitous advent of cell phones and their capacity both to store and to remotely access vast quantities of personal information (see *Riley, supra*, 134 S.Ct at pp. 2479–2480) require us to consider the extent to which an officer may search such devices pursuant to a probation search condition without violating the probationer's diminished privacy interests.

As observed in *Riley, supra*, "it is no exaggeration to say that many of the more than 90% of American adults who own a cell phone keep on their person a digital record of nearly every aspect of their lives—from the mundane to the intimate. [Citation.] Allowing the police to scrutinize such records on a routine basis is quite different from allowing them to search a personal item or two in the occasional case." (135 S.Ct at p. 2490.)  The exact measure of a probationer's expectation of privacy in the context of electronic devices is further complicated by the fact that "the data a user views on many modern cell phones [and other devices] may not in fact be stored on the device itself." (*Riley, supra*, 134 S.Ct. at p. 2491.)  Information stored in a remote location cannot be considered in the probationer's possession nor entirely within his or her control.

Remotely stored information may also implicate the privacy interests of third parties who are not otherwise subject to search or court supervision. This remains true even if the information is posted to a social networking website or a large group of people. There are hundreds of social networking websites, but all essentially have the same characteristics. They allow users to create their unique personal profile, and establish their own network of friends or join existing groups with common interests. Although a user's personal profile is potentially viewable by anyone, the websites have privacy features that allow users to set limits on who may access their information and what information may be shared generally. Some websites default their settings to allow broad public access, while others default to more private access. (Abilmouna, *Social Networking Sites: What An Entangled Web We Weave* (2012) 39 W. St. U. L.Rev. 99, 102.) In recognition that users of electronic media have a legitimate interest in the confidentiality of communications in electronic storage at a communications facility, congress passed the Stored Communications Act (18 U.S.C. § 2701 et seq.). User information stored by social networking sites is protected by the act, and several courts have recognized that users have a reasonable Fourth Amendment expectation of privacy in electronic communications, and that a warrant based upon probable cause may be required to obtain their content. (*Facebook v. Superior Court* (2015) ____ Cal.App.4th ____ [2015 WL 5244640, 6, 7].)

These principles usefully inform the application of a search clause to electronic devices within a probationer's control or possession. Officers must be able to determine ownership of any devices in a probationer's custody or within his or her control, and search them if they belong to the probationer or if officers have a good faith belief that he or she is a permissive user. But in performing such searches, officers must show due regard for information that may be beyond a probationer's custody or control or implicate the privacy rights of the probationer or third parties. Officers should not be allowed to conduct a forensic examination of the device utilizing specialized equipment that would allow them to retrieve deleted information that is not readily accessible to users of the device without such equipment. They should also first disable the device from any

6

internet or cellular connection. These measures will limit a search to information that is stored on the device and accessible to the probationer, and thus in the probationer's possession and subject to his or her control. [2]

But we reject Malik's contention that it is unreasonable even to require him to provide passwords for electronics found in his custody and control because officers can identify a phone's legal owner by using identifying numbers and codes found on the devices. "The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.) That officers could potentially determine whether a phone or computer has been stolen *without* obtaining the password does not make it an abuse of discretion to require Malik to provide it for that limited purpose.

We also reject Malik's claim that the electronics search condition is unconstitutionally vague because the phrase "any electronic devices" could be interpreted to encompass Kindles, Playstations, and iPods, or the codes to his car, home security system, or ATM card. "A restriction is unconstitutionally vague if it is not ' " 'sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated.' " ' [Citation.] A restriction failing this test does not give adequate notice—'fair warning'—of the conduct proscribed. [Citations.]" (*In re E.O.*, *supra*, 188 Cal.App.4th at p. 1153.) " 'In deciding the adequacy of any notice afforded those bound by a legal restriction, we are guided by the principles that "abstract legal commands must be applied in a specific context," and

---

[2]In light of this conclusion, we need not address Malik's argument that allowing law enforcement unfettered access to all of his electronic activities poses a risk of illegal eavesdropping under the Invasion of Privacy Act. We also note that there is no indication Malik used email, texting or social networking websites to facilitate his criminal activities, and we express no opinion as to whether the electronics search condition would be valid as imposed if he had. (See, e.g., *People v. Ebertowski* (2014) 228 Cal.App.4th 1170, 1176–1177 [*Lent* standard satisfied where evidence showed defendant was a gang member who used social media to promote his gang].)

that, although not admitting of "mathematical certainty," the language used must have " 'reasonable specificity.' " ' [Citation.]" (*In re Shaun R., supra*, 188 Cal.App.4th at p. 1144, italics omitted.)  Here, the court imposed the electronics search condition in response to concerns that Malik might use cell phones to coordinate with other offenders, and that he had previously robbed people of their iPhones.  The court listed cell phones, computers and notepads as examples of the devices subject to search.  We think it was reasonably clear that the condition applies to similar electronic devices within Malik's custody and control that might be stolen property, and not, as Malik conjectures, to authorize a search of his Kindle to see what books he is reading or require him to turn over his ATM password.  "[C]onditions [of probation] need not be spelled out in great detail in court as long as defendant knows what they are[.]" (*In re Frankie J., supra*, 198 Cal.App.3d 1149 at p. 1155.)

### II.  *The Electronics Condition Does Not Extend To Malik's Family*

Malik argues the extension of the electronics and social media search condition *to his family* violates his family's Fourth Amendment and due process rights because the juvenile court had no jurisdiction over Malik's family members; his family had no notice that they were being stripped of their fourth amendment protections; and it was fundamentally unfair to Malik because his family members could refuse to abide by it.  If that was the court's intent, we agree.  Only Malik was adjudicated to be in violation of the law.  It goes without saying that only Malik was being placed on probation and, therefore, could be directly subjected to the conditions of probation.

The People appropriately do not attempt to defend the search condition as applied to Malik's family.  Rather, they ask us to view the clerk's written order, which omits any reference to the family, as prevailing over the court's oral pronouncement.  "If 'an irreconcilable conflict exists between the transcripts of the court reporter and the court clerk, the modern rule is not automatic deference to the reporter's transcript, but rather adoption of the transcript due more credence under all the surrounding circumstances." (*People v. Rodriguez* (2013) 222 Cal.App.4th 578, 586; *People v. Smith* (1983) 33 Cal.3d 596, 599.)  The People maintain the juvenile court could not have intended to subject

8

Malik's family members to the search condition because, in essence, Malik did not live with any of his relatives, but we fail to see why their conclusion follows from its premise. The People's view that the clerk's order is more reliable is also hard to square with the fact that it omits the requirement regarding social media sites, an omission the People implicitly agree was a clerical error.

Another explanation, which we think plausible, is that the reference to Malik's family was to ensure that passwords for any devices in Malik's custody or control, even if owned by a family member, would be provided to peace officers when requested. In the end, though, it does not matter. Whether or not the court meant what it said, the probation condition is indisputably unconstitutional so far as it could be read to require individuals other than Malik to submit to warrantless searches of their electronic devices or turn over their passwords to police on demand. Any reference to his family must therefore be stricken.

## DISPOSITION

The electronics condition is ordered modified to omit reference to Malik's family and passwords to social media sites, and to authorize warrantless searches of electronic devices in Malik's custody and control only after the device has been disabled from any internet or cellular connection and without utilizing specialized equipment designed to retrieve deleted information that is not readily accessible to users of the device. As so modified, the judgment is affirmed.

9

_____
Siggins, J.

We concur:


_____
Pollak, Acting P.J.


_____
Jenkins, J.


*In re Malik J.*, A43355


10

Trial Court:                                        Alameda County Superior Court


Trial Judge:                                        Honorable Mark Kliszewski


Counsel:

First District Appellate Project, Nathan Siedman for Defendant and Appellant, Malik J.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Acting Senior Assistant Attorney General, Donna M. Provenzano, Supervising Deputy Attorney General, Joan Killeen, Deputy Attorney General for Plaintiff and Respondent, the People.