Filed 9/21/23  P. v. Gonzalez CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RAYMUNDO GONZALEZ,<br><br>    Defendant and Appellant. | F084950<br><br>(Super. Ct. No. F18907994)<br><br>**OPINION** |

**THE COURT**<u>*</u>

APPEAL from a judgment of the Superior Court of  County.  Samuel Dalesandro, Judge.

Erica Gambale and J.M. Malik, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri, and Clifford E. Zall, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*  Before Hill, P. J., Detjen, J. and DeSantos, J.

In this appeal, defendant Raymundo Gonzalez challenges only a condition of probation imposed after he pled no contest to one felony count of insurance fraud. Specifically, when defendant was placed on probation by the trial court, one of the conditions of probation permitted searches of computers, and hand-held electronic and cellular devices (electronic devices). No objection was raised to this condition when it was announced. Defendant is now arguing he was provided ineffective assistance of counsel during sentencing. The People disagree. We affirm.

## PROCEDURAL SUMMARY

On December 6, 2018, a felony complaint was filed charging defendant with three counts of insurance fraud (Ins. Code, § 1871.4, subd. (a)(1), all felonies; counts 1–3), and one count of perjury (Pen. Code, § 118, subd. (a), a felony; count 4). Defendant entered a plea of no contest on count 1 on May 18, 2022. Counts 2 through 4 were then dismissed under the plea agreement. On August 3, 2022, the trial court sentenced defendant to probation following the plea. A condition of probation, which was imposed without discussion or objection, was an electronic search condition requiring defendant to submit to a search of his electronic devices with or without a warrant.

Defendant filed a notice of appeal on September 12, 2022. After his request for a certificate of probable cause was denied in the trial court, this court granted a motion brought by defendant on January 23, 2023, agreeing to construe the notice of appeal filed on September 12, 2022, to be an appeal from the judgment entered on August 3, 2022, and taken after a plea of guilty or no contest and based on the sentence or other matters occurring after the plea that did not affect the validity of the plea.

## FACTUAL SUMMARY

The facts are taken from the probation officer's report filed on August 3, 2022. In March 2015, the People received notice of a possible fraudulent claim submitted on behalf of defendant. In the claim, defendant alleged he was injured on September 5, 2013, after pulling irrigation lines when the tire of a tractor hit him on the right foot,

2.

causing him to fall. The injury was documented, and defendant saw a doctor at the end of the day. A worker's compensation claim form was also completed by defendant and his employer's safety officer.

In March 2016, defendant was examined by Dr. Stephen Choi regarding his ongoing claim. Defendant told Choi he injured the left side of his body along with his right leg and foot when he fell while carrying the irrigation water hoses. While defendant reported he had a hairline fracture in his right foot, Choi was unable to confirm this injury. Defendant appeared to suffer from lower back pain that went down to both legs, along with left shoulder pain running down to his left hand. Defendant reported he had not returned to work since the date of the original injury, and further reported the pain to his lower back and right leg was getting worse. Defendant told Choi he had not suffered any prior injuries. Following a clinical exam, Choi was unable to make any specific findings regarding defendant's left arm and right foot. Choi concluded, however, that defendant had full range of motion in both shoulders, elbows, hands, and joints. Due to the lack of specific findings, Choi ordered further tests be conducted.

Choi reevaluated defendant in November 2016. During this exam, defendant reported the pain in his left shoulder and lower back were getting worse and he was still not working. Choi ultimately apportioned 25 percent of defendant's injury to a preexisting degenerative disc disease, which was nonindustrial, and 75 percent to the injury incurred in September 2013. Choi concluded defendant had "chronic pain syndrome" and assessed him as having 3 percent impairment of his lower back, 6 percent impairment for the left shoulder, and 8 percent impairment to the whole person for the lower back. Choi believed defendant needed ongoing future medical care for the permanent impairment that would need follow up medical care anytime the condition worsened.

A new evaluation was completed in February 2018, after surveillance footage from November 2013, April 2015, June 2015, and September 2015 was considered. Choi

3.

asked for this reevaluation after seeing the footage, which showed defendant walking and moving as if he was injury free. Choi observed defendant working hard, picking things up from the ground, and bending and twisting his body without trouble. Choi concluded these movements should not have been possible if he truly had lower back and shoulder pain. This new evaluation determined defendant did not have any impairment or disability and did not require future medical care.

A further investigation revealed defendant filed various claims for injuries while employed with other companies between 2001 and 2011. These claims either resulted in settlements or surgeries. It was discovered that during an October 2015 deposition, defendant made several statements claiming he had not worked at all since his injury in September 2013 because of his injuries. Defendant claimed he was not able to stand or walk for long periods of time and could not lift anything or bend. Defendant further stated he had never filed a worker's compensation injury claim and never suffered an on-the-job injury. All these statements were in direct conflict with what was depicted in the video footage.

## DISCUSSION

Defendant's opening brief is focused on the constitutional unfairness of the probation condition imposed by the trial court permitting searches of his electronic devices. A trial court "may impose and require any or all of the terms of imprisonment, fine, and conditions" as it determines are fitting and appropriate. (Pen. Code, § 1203.1, subd. (j).) A " 'condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality." ' " (*People v. Bryant* (2021) 11 Cal.5th 976, 983, citing *People v. Lent* (1975) 15 Cal.3d 481, 486.) This requires a case-by-case assessment considering the relationship of the condition to the crime, the specific terms provided in the challenged condition, and the connection of that condition to the probationer's future

4.

criminality. (*Bryant*, at p. 983.) However, because defendant's trial counsel did not object to the electronic devices search condition when it was imposed, we cannot reach this issue unless we conclude the failure to object constituted ineffective assistance of counsel. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 889.)

**The Claim of Ineffective Assistance of Counsel**

To establish ineffective assistance of counsel defendant must show (1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient performance was prejudicial. (*Strickland v. Washington* (1984) 466 U.S. 668, 687–688; *People v. Ledesma* (1987) 43 Cal.3d 171, 216–217.) " 'Unless a defendant establishes the contrary, we shall presume that "counsel's performance fell within the wide range of professional competence and that counsel's actions and inactions can be explained as a matter of sound trial strategy." [Citation.] If the record "sheds no light on why counsel acted or failed to act in the manner challenged," an appellate claim of ineffective assistance of counsel must be rejected "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation." ' " (*People v. Lopez* (2008) 42 Cal.4th 960, 966.) To establish prejudice, defendant must make a showing "sufficient to undermine confidence in the outcome" that but for counsel's errors there is a reasonable probability that the result of the proceeding would have been different. (*Strickland*, at p. 694; *Ledesma*, at pp. 217–218.)

    **A.    Reasonableness under *Lent***

Considering whether trial counsel's performance fell below an objective standard of reasonableness must be viewed in the context of the legality of the specific probation condition imposed. We believe the issues surrounding that condition might provide clues as to why no objection was registered.

The parties dispute whether the electronic devices condition fails the test articulated in *People v. Lent*, *supra*, 15 Cal.3d 481.[1]  Under *Lent*, a probation term "will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality ….' " (*Lent*, at p. 486.)  Under the *Lent* test, "all three prongs must be satisfied before a reviewing court will invalidate a probation term." (*People v. Olguin* (2008) 45 Cal.4th 375, 379.)  Under *Lent's* third prong, "[f]or example, courts may properly base probation conditions upon information in a probation report that raises concerns about future criminality unrelated to a prior offense." (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1122 (*Ricardo P.*).)

In *Ricardo P.*, our Supreme Court discussed, in the context of reasonableness pursuant to *Lent*, the "potentially greater breadth of searches of electronic devices compared to traditional property or residence searches." (*Ricardo P.*, *supra*, 7 Cal.5th at pp. 1127–1128.)  It explained that *Lent* requires a consideration of the "fit between the means and legitimate ends of probation conditions:  A probation condition that imposes substantially greater burdens on the probationer than the circumstances warrant is not a 'reasonable' one." (*Ricardo P.*, at p. 1128.)  Under appropriate circumstances, a trial court could reasonably conclude that an electronic devices condition is "a proportional means of deterring the [defendant] from future criminality." (*Id.* at pp. 1128–1129.)  However, "[m]ere convenience in monitoring a [defendant's] conduct, coupled with generic descriptions of how some people use cell phones, [are] not sufficient to render [the burden imposed by an electronic devices search condition on a defendant's] privacy interests reasonable." (*People v. Cota* (2020) 45 Cal.App.5th 786, 791.)

---

[1]     Superseded by statute as noted in *People v. Moran* (2016) 1 Cal.5th 398, 403, footnote 6.

For instance, the search condition in *Ricardo P.* required the minor to "provide probation officers full access, day or night, not only to his social media accounts but also to the contents of his e-mails, text messages, search histories, all photographs and videos stored on his devices, as well as any other data accessible using electronic devices, which could include anything from banking information to private health or financial information to dating profiles." (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1123.) In light of the minor's particular offenses (burglary) and background (apparent drug use), the court in *Ricardo P.* determined that the search condition was not reasonably related to future criminality "because the burden … impose[d] on [the minor's] privacy [was] substantially disproportionate to the condition's goal of monitoring and deterring drug use." (*Id.* at p. 1120.)

The record does not demonstrate why the trial court imposed the electronic devices condition, or why defendant's trial counsel failed to object to this particular condition. In their responsive brief, the People offer several possible reasons that could have supported trial counsel's decision not to object. First, the People point to defendant's prior instances of exaggerating workplace injuries, and the possibility photographs or other evidence of future such incidents could be found on his cellular phone. Under this scenario, the condition could be a deterrent to such conduct in the future, as the People note it was video surveillance evidence that exposed defendant's prior acts in this case. Second, the People cite the fact the court rejected the probation department's recommendation to impose a 180-day jail sentence as a condition of probation. Trial counsel might have viewed the court's decision not to impose the sentence as a victory for defendant that might be jeopardized if counsel challenged the electronic devices search condition.

Our own review of the record reveals that defendant asked the court to be allowed to travel to Mexico during his probation to visit his grandchildren, who he apparently visited often. The court allowed such travel as long as permission was obtained from

7.

probation first. It is not unreasonable to conclude evidence of travel not cleared by probation could be found on a computer or other electronic or cellular device.

Again, the record does not demonstrate why the trial court imposed the electronic devices search condition or why defendant's trial counsel failed to object to the search condition. Under *Strickland*, we must affirm unless " ' "there simply could be no satisfactory explanation" ' " for trial counsel's failure to object to the conditions. (*People v. Lopez*, *supra*, 42 Cal.4th at p. 966.) We believe the reasons discussed above provide a satisfactory explanation for why trial counsel did not object to the electronic devices search condition.

### B.      Was the Condition Overbroad?

Defendant next challenges the electronic devices search condition arguing the condition itself is unconstitutionally overbroad.[2] Defendant believes this condition bears no connection to his fraud offense, and does not relate to his criminal conduct, nor to any future criminality.

"A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 890.) " ' "The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." ' " (*People v. Patton*, *supra*, 41 Cal.App.5th at p. 946.)

---

[2]      It should be noted, we would reject a claim that the condition is facially overbroad because an electronics search condition can constitutionally be imposed under appropriate circumstances. (*People v. Patton* (2019) 41 Cal.App.5th 934, 947; *In re Malik J.* (2015) 240 Cal.App.4th 896, 902.)

Again, the record is silent regarding why the electronic devices search condition was imposed and why defendant's counsel did not object to that condition. The question before us is, therefore, not whether the search condition is overbroad, but whether no satisfactory explanation is possible for trial counsel's failure to object. (*People v. Lopez*, *supra*, 42 Cal.4th at p. 966.) We believe the possible reasons cited above under our discussion of reasonableness also provide a satisfactory explanation for trial counsel's decision not to object here. Video surveillance evidence supported the charges brought against defendant in this case, the type of evidence that might be found on a computer or other electronic devices. Defendant's intent to travel outside the jurisdiction while on probation could also be monitored through those devices, if probation had reason to suspect he travelled or was planning to travel without obtaining permission first.

Moreover, we again recognize another reason for trial counsel's decision not to object to the electronic devices condition, which could be related to the decision by the trial court not to impose a jail sentence. Finally, it is reasonable to believe trial counsel concluded defendant would be protected from an unreasonable enforcement of this condition by the Fourth Amendment, which requires warrantless searches not be arbitrary, capricious, or harassing. (*People v. Reyes* (1998) 19 Cal.4th 743, 752 [a search carried out pursuant to a parole or probation search condition "is reasonable within the meaning of the Fourth Amendment as long as it is not arbitrary, capricious or harassing"].)

We believe any of these reasons could have provided a satisfactory explanation for trial counsel's decision not to object to the electronic devices search condition. On this record and the analysis provided above, we cannot conclude trial counsel's performance was deficient.

## DISPOSITION

The judgment is affirmed.