Filed 9/12/16  In re A.S. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| In re A.S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>A.S.,<br><br>Defendant and Appellant. | E064274<br><br>(Super.Ct.No. SWJ1400871)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  F. Paul Dickerson, III, Judge.  Affirmed with directions.

John L. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor and Junichi P. Semitsu, Deputy Attorneys General, for Plaintiff and Respondent.

The juvenile court declared defendant A.S. a ward of the court and placed him on probation after the court found true the allegation that A.S. committed rape. A.S. argues the court abused its discretion when it made him subject to terms of probation that: prohibit him from consuming or possessing alcohol, illegal drugs and tobacco; prohibit him from associating with illegal drug users; and require him to submit to chemical testing for drugs and alcohol. We affirm with directions to strike the condition prohibiting tobacco use, based on recent Legislative changes.

### FACTS AND PROCEDURE

A.S. and the victim knew each other from high school. In April 2014, when A.S. was 15 years old and the victim was 16, they had an extended "make out" session that eventually ended in intercourse. Four months later, at the beginning of the next school year, the victim told a classmate that A.S. had raped her. The classmate reported this to school officials, who reported it to law enforcement. On August 26, 2014, the victim participated in two pretext phone calls with A.S. to see if he would admit to the crime. At the end of the second phone call, which lasted 15 minutes and 32 seconds, the victim asked A.S. "So you . . . understand the fact that you had sex with me even though I told you I didn't want to?" A.S. replied, "Yeah I understand that."

On November 10, 2014, the People filed a petition under Welfare and Institutions Code section 602 alleging A.S. committed forcible rape. (Pen. Code, § 261, subd. (a)(2).) The juvenile court held a contested jurisdiction hearing, at the conclusion of which it found the allegation true. At the disposition hearing held on August 21, 2015, the court declared A.S. a ward of the court, ordered him to serve 90 days in juvenile hall, and made

2

him subject to conditions of probation upon his release to his parents. These conditions included the following:

"Not knowingly possess, consume, inhale, or inject any intoxicants, alcohol, narcotics, aerosol products, or other controlled substances, poisons, illegal drugs, including marijuana nor possess related paraphernalia, without a medical recommendation and, even then, only after approved by the court."

"Not associate with anyone known to the minor to be in possession of, sells, or uses any illegal or illegally-obtained controlled substances or related paraphernalia."

"Not use or possess tobacco or any tobacco products."

"Submit to chemical test(s) of blood, breath, or urine for alcohol/controlled substances, as directed by the probation officer or any law enforcement officer."

Defense counsel objected to these conditions of probation.

This appeal followed.

## DISCUSSION

A.S. argues the court abused its discretion when it made him subject to terms of probation that: prohibit him from consuming alcohol, illegal drugs and tobacco; prohibit him from associating with illegal drug users; and require him to submit to chemical testing for drugs and alcohol. A.S. contends there is no factual nexus between the offense, his manifested propensities and the probation conditions because there is no evidence that drugs or alcohol played any part in the offense or that A.S or his family had any history of drug or alcohol abuse. The People agree with A.S.'s factual premise, but

3

respond that the conditions are within the broad discretion afforded to juvenile courts to rehabilitate A.S. and discourage future criminal behavior.

*General Legal Background*

The juvenile court "has wide discretion to select appropriate conditions and may impose '"any reasonable condition that is 'fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.'"' [Citations.]" (*In re Sheena K.* (2007) 40 Cal.4th 875, 889.) "The juvenile court's broad discretion to fashion appropriate conditions of probation is distinguishable from that exercised by an adult court when sentencing an adult offender to probation. Although the goal of both types of probation is the rehabilitation of the offender, '[j]uvenile probation is not, as with an adult, an act of leniency in lieu of statutory punishment; it is an ingredient of a final order for the minor's reformation and rehabilitation.' [Citation.] '[J]uvenile probation is not an act of leniency, but is a final order made in the minor's best interest.' [Citation.] [¶] In light of this difference, a condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court. [Citations.]" (*In re Tyrell J.* (1994) 8 Cal.4th 68, 81-82, disapproved on other grounds in *In re Jaime P.* (2006) 40 Cal.4th 128, 130.)

Furthermore, "[t]rial courts have broad discretion to set conditions of probation in order to 'foster rehabilitation and to protect public safety pursuant to Penal Code section 1203.1.' [Citations.] . . . [¶] However, the trial court's discretion in setting the conditions of probation is not unbounded." (*People v. Lopez* (1998) 66 Cal.App.4th 615,

4

624 (*Lopez*).) A term of probation is invalid if it "'(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.]" (*People v. Lent* (1975) 15 Cal.3d 481, 486, (*Lent*); *People v. Olguin* (2008) 45 Cal.4th 375, 379, 380.) *Lent* applies to juvenile court probation orders. (*In re Josh W.* (1997) 55 Cal.App.4th 1, 6; *In re Malik J.* (2015) 240 Cal.App.4th 896, 901.)

*Alcohol and Drug Testing*

Testing minors on probation for alcohol and drugs is specifically authorized by statute. Welfare and Institutions Code, section 729.3 provides: "If a minor is found to be a person described in Section 601 or 602 and the court does not remove the minor from the physical custody of his or her parent or guardian, the court, as a condition of probation, may require the minor to submit to urine testing upon the request of a peace officer or probation officer for the purpose of determining the presence of alcohol or drugs."

In *In re Kacy S.* (1998) 68 Cal.App.4th 704, the appellate court concluded that section 729.3 " . . . commits the decision to order testing in a particular case to the juvenile court's discretion," regardless of the minor's offense and social history. (*In re Kacy S., supra*, at p. 708.) In that case, the minors admitted allegations related to a fight in which they participated, and neither had a history of drug use. The Court of Appeal nevertheless upheld the testing condition using the test set forth in *Lent, supra*, 15 Cal.3d at page 486.

5

First, the *Kacy S.* court concluded that "[t]he urine testing condition is designed to detect the presence of substances whose use by minors *is unlawful.* [Citations.] Thus, the testing "'relates to conduct which is . . . in itself criminal.'" [Citation.]" (*In re Kacy S., supra*, 68 Cal.App.4th at p. 710.) Second, the *Kacy S.* court pointed to the Legislature's uncodified findings and declarations in enacting Welfare and Institutions Code, section 729.3 to the effect that "'alcohol and drug abuse' are 'precursors of serious criminality. . . .' [Citation.] Thus, the testing is also "'reasonably related to future criminality.'" [Citation.] Because the testing condition relates to criminal conduct and is reasonably related to future criminality, its imposition is within the juvenile court's discretion even as measured by the *Lent* formulation." (*In re Kacy S., supra*, at p. 710.) We agree, and so reject A.S.'s challenge to these testing conditions.

*Alcohol and Drug Use or Possession*

These conditions of probation are permissible because, as is the case with drug testing, they relate to future criminality and to the rehabilitative goals of probation enunciated in section 730. When it enacted section 729.3, the Legislature declared the following: "(a) . . . [¶] (1) The problem of juvenile delinquency should be addressed at its inception rather than after it has progressed to serious criminality. [¶] (2) The precursors of serious criminality by juveniles include . . . alcohol and drug abuse. . . . [¶] (3) The young offender who exhibits the symptoms of future delinquency presents the most significant potential for rehabilitation . . . . [¶] (b) In this regard, it is the intent of the Legislature to implement a program based on a different perspective and strategy toward juvenile delinquency which program is designed to reach our children before they

6

become habitual criminals, and requires the intervention by the juvenile justice system at the earliest signs of drug abuse, gang affiliation, and other antisocial behavior." (Stats. 1989, ch. 1117, § 1.) We conclude that prohibitions on possession or use of alcohol or illegal drugs are consistent with the stated intent of the Legislature that the juvenile justice system intervene at the earliest signs of drug abuse "or other antisocial behavior." (*Ibid.*) Thus, we uphold the juvenile court's imposition of these probation conditions.

*Knowing Association with Drug Users*

A.S. argues that the condition prohibiting him from associating with persons known to him to sell, possess, or use drugs is not reasonably related to the risk that he will re-offend. We disagree. As with the conditions of probation that concern drug and alcohol testing and use discussed above, this condition relates to future criminality and to the rehabilitative goals of probation. The condition has the apparent purpose of protecting A.S. from the influence of drug dealers and abusers. Further, A.S. cites to no direct authority that requires the striking of this standard condition of probation for juveniles. His reliance on *People v. Brandao* (2012) 210 Cal.App.4th 568 [striking probation condition prohibiting defendant from associating "'with any individuals you know or are told by the Probation Officer to be gang members'" where defendant has no ties to any criminal street gang] is unavailing because that case concerned an adult probation condition and does not take into account the greater leeway given to juvenile courts when imposing probation conditions on minors. (*In re Tyrell J.*, *supra,* 8 Cal.4th at pp. 81-82) We uphold the imposition of this probation condition.

*Tobacco Use*

A.S. concedes that "the court probably could order the minor to not possess tobacco while under the age of 18 years. However, once the minor turns 18 years old, he could otherwise lawfully possess tobacco." The People argue ripeness issues, but aside from that do not object to modifying the condition to apply only while A.S. is under 18 years old.

On June 9, 2016, after initial briefing was completed in this case, Senate Bill No. 7 (2016 2d Ex. Sess.) went into effect. The Legislation focuses on enforcement of the prohibition against sales to minors and was primarily designed to raise the "minimum legal age" of sale for tobacco products to customers from 18 years of age to 21. At the same time, the Legislation "Deletes existing penalties applicable when a person under 18 years of age purchases, receives, or possesses certain tobacco products." (Senate Bill analysis, SB 7, third reading, as amended March 2, 2016.) The former Penal Code section 308, subdivision (b) authorized up to a $75 fine and community service for minors, under age 18, who possess or smoke tobacco. This provision was deleted in favor of the new subdivision (b), which punishes merchants for selling tobacco to persons under age 21.

In supplemental briefing, the parties agree that A.S. is no longer subject to criminal penalties for mere possession of tobacco products. In addition, Legislation addressing the risk to youth from using tobacco products is focused on the long-term health effects of these products, rather than the use of such products having any connection to future criminality. (Business and Prof. Code, § 22951) Finally, tobacco

8

use had no relationship to A.S.'s crime.  For these reasons, we order the tobacco prohibition stricken from the conditions of probation.

## DISPOSITION

The juvenile court is directed to strike the probation term prohibiting A.S. from using or possessing tobacco products.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

SLOUGH
J.