Filed 5/11/22  P. v. Martinez-Urbina CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F082554 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. F19903277) |
| DINORAH LIZZETTE MARTINEZ-URBINA, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Heather Mardel Jones, Judge.

Nicholas Seymour, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and George M. Hendrickson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Snauffer, J. and DeSantos, J.

Defendant Dinorah Lizzette Martinez-Urbina pled no contest to driving with a blood-alcohol content of .08 percent or higher causing injury and two counts of child endangerment. The trial court granted her probation which included electronic and cellular device and financial record search terms. On appeal, defendant contends that her trial counsel was ineffective for failing to challenge as unreasonable and overbroad the terms of probation requiring her to submit to a search of her electronic and cellular devices and financial records. The People disagree. We affirm.

**PROCEDURAL SUMMARY**

On May 6, 2019, the Fresno County District Attorney filed a complaint, charging defendant with driving with a blood-alcohol level of .08 percent or higher causing injury (Veh. Code, § 23153, subd. (b); count 1), driving under the influence of alcohol causing injury (Veh. Code, § 23153, subd. (a); count 2), and two counts of child endangerment (Pen. Code, § 273a, subd. (a); counts 3 & 4). As to counts 1 and 2, the complaint further alleged that defendant caused great bodily injury to two children, one of whom was under the age of five years (Pen. Code, § 12022.7, subds. (a), (d)).

On December 11, 2020, defendant pled no contest to counts 1, 3 and 4, and admitted the allegations as to count 1. She also agreed to waive any credits earned for participation in the "SCRAM X" alcohol monitoring program. In exchange, the trial court indicated that it would impose no initial state prison. The trial court then dismissed count 2 on the People's motion.

On March 2, 2021, the trial court suspended imposition of sentence and granted defendant probation with terms and conditions, including 300 days in jail, and search terms that extended to electronic devices and financial records. As a term of probation, defendant was required to submit to a search of her person and property, including financial records, vehicles, computers, handheld electronic and cellular devices, and home at any time without a warrant, and serve 300 days in custody.

On March 22, 2021, defendant filed a notice of appeal.

2.

## FACTUAL SUMMARY

The probation officer provided the following summary of the facts of the offense in his report:

"On December 10, 2018, … defendant … was driving … when she failed to stop at a [stop]sign and struck a tree. Witnesses went to her aide and asked if she and her children, [ages 9 and 4,] were okay. She responded, "Yes, don't call the police, don't call," and "Don't call the police, don't call the police, I just forgot my glasses." Witnesses[,] however[,] contacted law enforcement. Emergency Medical Services (EMS) was on scene when officers arrived.

"At Approximately 7:01 p.m.[,] officers arrived on scene and observed the vehicle to have major damage to the front of the vehicle. The front grill was broken off, the front of the vehicle was smashed in, airbags were deployed, and the front windshield shattered. They observed a car seat in the back fastened still but flipped around. Additionally, they located in the front passenger seat an open 200 [milliliter] bottle of [alcohol], an unopened bottle of [alcohol,] and a five-count package of 800 [milligram] 'Ibuprofeno' which was missing three pills. Officers observed … defendant to have abrasions on the top of her left eyelid and above her left eyebrow and a cut on the right side of her forehead.

"Upon speaking with … defendant, officers detected an odor of alcoholic beverage emitting from her person. They attempted to conduct a Field Sobriety Test and conducted the Horizontal Gaze Nystagmus (HGN); however, EMS advised officers they had to immediately take … defendant to the Community Regional Medical Center (CRMC) and indicated they could only ask her a few quick questions before they had to leave. Officers asked her if she had consumed any alcoholic beverages or substances. She admitted to drinking alcohol and taking pain medication before driving. She advised officers she had a 'tummy tuck' in Mexico and was taking pain medication for the medical procedure. … Officers observed [the nine-year-old child] to have a fractured left wrist and leg. Officers observe[d the four-year-old child] to have his upper right leg broken as his upper leg curved outward away from his body. He also had an abrasion on the top right of his foot and a bruise on the front of his lower left leg.…"

Defendant stipulated that her blood-alcohol content was .09 percent.

3.

**DISCUSSION**

Defendant argues that her trial counsel was ineffective for failing to challenge the terms of her probation subjecting her to a search of her electronic devices and financial documents without a warrant at any time. Specifically, she contends that her trial counsel should have objected that the terms are (1) not reasonable as defined in *People v. Lent* (1975) 15 Cal.3d 482, 486 (*Lent*)[1] and (2) unconstitutionally overbroad.

To establish ineffective assistance of counsel defendant must show (1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient performance was prejudicial. (*Strickland v. Washington* (1984) 466 U.S. 668, 687–688; *People v. Ledesma* (1987) 43 Cal.3d 171, 216–217.) " 'Unless a defendant establishes the contrary, we shall presume that "counsel's performance fell within the wide range of professional competence and that counsel's actions and inactions can be explained as a matter of sound trial strategy." [Citation.] If the record "sheds no light on why counsel acted or failed to act in the manner challenged," an appellate claim of ineffective assistance of counsel must be rejected "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation." [Citations.]' " (*People v. Lopez* (2008) 42 Cal.4th 960, 966.) To establish prejudice, defendant must make a showing "sufficient to undermine confidence in the outcome" that but for counsel's errors there is a reasonable probability that the result of the proceeding would have been different. (*Strickland*, at p. 694; *Ledesma*, at pp. 217–218.)

### Reasonableness under Lent

The parties dispute whether the electronic device and financial record search terms fail the test articulated in *Lent*, *supra*, 15 Cal.3d 481. Under *Lent*, a probation term "will

---

[1] Superseded by statute as noted in *People v. Moran* (2016) 1 Cal.5th 398, 403, footnote 6.

not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality ….' " (*Lent*, at p. 486.) Under the *Lent* test, "all three prongs must be satisfied before a reviewing court will invalidate a probation term." (*People v. Olguin* (2008) 45 Cal.4th 375, 379.) Under *Lent*'s third prong, "[f]or example, courts may properly base probation conditions upon information in a probation report that raises concerns about future criminality unrelated to a prior offense." (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1122 (*Ricardo P.*).)

In *Ricardo P.*, *supra*, 7 Cal.5th 1113, our Supreme Court discussed, in the context of reasonableness pursuant to *Lent*, the "potentially greater breadth of searches of electronic devices compared to traditional property or residence searches." (*Ricardo P.*, at pp. 1127–1128.) It explained that *Lent* requires a consideration of the "fit between the means and legitimate ends of probation conditions: A probation condition that imposes substantially greater burdens on the probationer than the circumstances warrant is not a 'reasonable' one." (*Ricardo P.*, at p. 1128.) Under appropriate circumstances, a trial court could reasonably conclude that an electronics search condition is "a proportional means of deterring the [defendant] from future criminality." (*Id.* at pp. 1128–1129.) However, "[m]ere convenience in monitoring a [defendant's] conduct, coupled with generic descriptions of how some people use cell phones, are not sufficient to render [the burden imposed by an electronic device search condition on a defendant's] privacy interests reasonable." (*People v. Cota* (2020) 45 Cal.App.5th 786, 791.)

The search condition in *Ricardo P.* required the minor to "provide probation officers full access, day or night, not only to his social media accounts but also to the contents of his e-mails, text messages, search histories, all photographs and videos stored on his devices, as well as any other data accessible using electronic devices, which could include anything from banking information to private health or financial information to dating profiles." (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1123.) In light of the minor's

5.

particular offenses (burglary) and background (apparent drug use), the court in *Ricardo P.* determined that the search condition was not reasonably related to future criminality "because the burden [] impose[d] on [the minor's] privacy [was] substantially disproportionate to the condition's goal of monitoring and deterring drug use." (*Id*. at p. 1120.)

Here, the record does not demonstrate why the trial court imposed the electronic device and financial record search conditions or why defendant's trial counsel failed to object to the search conditions. Under *Strickland*, we must affirm unless " ' "there simply could be no satisfactory explanation" ' " for trial counsel's failure to object to the conditions. (*People v. Lopez*, *supra*, 42 Cal.4th at p. 966.)

The People argue that "defense counsel could reasonably [have] believe[d] that the portion of the condition relating to searches of electronic[] [devices] was reasonably directed at distracted driving, which was related to the facts of the offenses and the prevention of future offenses." In support of the proposition that distracted driving, rather than alcohol intoxication, was the reason for defendant's accident, the People direct us to defendant's statement to her alcohol counselor that is contained in the record: she had " 'one drink prior to driving' " and, once she began driving, her " 'children started fighting with each other and took off their seatbelts causing [defendant] to turn around to stop the fighting' " at which point the collision with the tree occurred. Based on defendant's statement, distracted driving appeared to have played a role in her vehicle collision. Moreover, the search condition is narrower than the condition in *Ricardo P.*; the condition in *Ricardo P.* explicitly required the minor to provide passwords under his control to a probation officer for purposes of social media searches. (*Ricardo P.*, *supra*, 7 Cal.5th at pp. 1116–1117.) Because the condition in this case was arguably reasonably related to her offense and to preventing future criminality, we cannot conclude that no acceptable tactical reason existed for defendant's counsel to have decided not to object to imposition of the condition.

As to the financial record condition, the People argue that "financial records could show whether [defendant] is purchasing alcohol in violation of a condition of probation." Again, the condition appears reasonably related to prevention of the kind of illegal activity that resulted in defendant's present offense. In addition to the People's posited reason for imposition of the condition—helping determine whether defendant is purchasing alcohol—the condition may also assist the probation officer in determining whether defendant is in compliance with the other terms of her probation: reporting a change of employment within seven days, not frequenting establishments where alcohol is the chief item of sale, or not driving with a suspended license. (Cf. *People v. Appleton* (2016) 245 Cal.App.4th 717, 727 [disapproving probation search terms that would allow for review of "financial records" where they had nothing to do with future illegal activity].) Again, defendant's trial counsel could reasonably have concluded that the financial document search condition was reasonably related to preventing future criminality and declined to object to the condition for that reason. Even if defendant's trial counsel had objected, there is no reasonable probability that such an objection would have resulted in the condition being stricken or favorably modified.

Defense counsel was not ineffective for failing to object on *Lent* reasonableness grounds to the electronic device and financial document search conditions.

### *Constitutional Overbreadth*

Next, defendant contends that her trial counsel was ineffective for failing to object to the unconstitutional overbreadth of the electronic device and financial document search conditions. Defendant does not contend that the condition was facially overbroad.[2] Instead, she argues that her counsel should have made an as-applied

---

[2] We would reject a claim that the condition is facially overbroad because an electronics search condition can constitutionally be imposed under appropriate circumstances. (*People v. Patton* (2019) 41 Cal.App.5th 934, 947 (*Patton*); *In re Malik J.* (2015) 240 Cal.App.4th 896, 902.)

overbreadth challenge.  As with defendant's previous claim, we view this claim through the lens of an ineffective assistance of counsel claim because she forfeited a direct as-applied challenge by failing to object below.  (*In re Sheena K*. (2007) 40 Cal.4th 875, 889; *Patton*, *supra*, 41 Cal.App.5th at p. 946 ["An as-applied constitutional challenge is forfeited unless previously raised."].)

"A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad."  (*In re Sheena K*., *supra*, 40 Cal.4th at p. 890.)  " ' "The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." ' " (*Patton*, *supra*, 41 Cal.App.5th at p. 946.)

Again, the record is silent regarding why the search conditions were imposed and why defendant's counsel did not object to them.  The question before us is therefore not whether the search conditions are overbroad, but whether no satisfactory explanation is possible for trial counsel's failure to object. (*People v. Lopez*, *supra*, 42 Cal.4th at p. 966.)  Here, the People proffer several possible reasons that could have supported trial counsel's decision not to object:  perhaps defendant "did not have any sensitive information on her phone[;] … [perhaps] she expected local probation officers and police to limit any search of the phone to disclosing offenses or violations of probation[;]" or perhaps defendant was satisfied that she would not have to open applications or share her passwords.  We can conceive of other possible satisfactory reasons for trial counsel's decision not to object:  perhaps defendant believed that she was adequately protected in the enforcement of the search condition by the Fourth Amendment, which requires that warrantless searches carried out pursuant to involuntary search conditions not be arbitrary, capricious, or harassing (*People v. Reyes* (1998) 19 Cal.4th 743, 752 [a search

carried out pursuant to a parole or probation search condition "is reasonable within the meaning of the Fourth Amendment as long as it is not arbitrary, capricious or harassing"]); or perhaps defendant believed that she needed the looming threat that her electronic devices and financial records could be searched at any time to keep her sober so she would not be separated from her children again (*People v. Robles* (2000) 23 Cal.4th 789, 795 ["[w]arrantless searches are justified in the probation context because they aid in deterring further offenses by the probationer .…"]).

Any of those reasons could have provided a satisfactory explanation for trial counsel's decision not to object to the electronic device and financial document search conditions. On this record, we cannot conclude that trial counsel's performance was deficient.

## DISPOSITION

The judgment is affirmed.